**Lawrence A. HAMILTON, Jr., Appellant,**

v.

**Togo D. WEST, Jr., Secretary of the Army, Appellee.**

No. 93–3128.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided July 26, 1994.

Kurt E. Wolfgram, St. Louis, MO, argued, for appellant.

Dana K. Chipman, Arlington, VA, argued (Madeleine B. Cole, Asst. U.S. Atty., St. Louis, MO, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, ROSS and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Lawrence Hamilton, Jr., brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., alleging disparate treatment in connection with his suspension and termination from employment at the United States Army Reserve Personnel Center. The district court[1] ordered summary judgment for the Army, concluding that each of Hamilton's claims was improperly raised, time-barred or otherwise without merit. We affirm.

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of    Missouri.

Hamilton, a black male and a thirty-percent compensably disabled veteran, began working at the Center in 1980. The Center disciplined Hamilton several times during his nine-year tenure, issuing three suspensions, a proposed termination that was subsequently canceled, and a final termination. The specific actions at issue in this case are Hamilton's five-day suspension in April 1988 and his termination in February 1989.

Hamilton filed an Equal Employment Opportunity complaint alleging that his April 1988 suspension resulted from racial and handicap discrimination. This complaint had not been investigated at the time of Hamilton's termination. Hamilton protested his termination in a written grievance filed pursuant to his union's negotiated grievance procedure. After the union invoked arbitration, a hearing was held and a ruling was issued in favor of the Army. The union filed an exception with the Federal Labor Relations Authority, which dismissed the exception in April 1990 for lack of jurisdiction.

Several months later in November 1990, Hamilton received a favorable decision from an administrative law judge as to the five-day suspension. The administrative judge recommended a finding that racial discrimination was a factor in the suspension and suggested an examination of the effect of the suspension on Hamilton's subsequent termination. The Army accepted the recommendation as to the suspension and provided relief, but did not reverse its termination decision. Hamilton appealed this refusal to the Equal Employment Opportunity Commission's Office of Review and Appeals, which upheld the Army's decision and denied reconsideration. Hamilton then filed this Title VII action in federal district court.

The district court concluded that Hamilton's claims regarding the legality of his termination were barred by the doctrines of res judicata and failure to exhaust administrative remedies. The court rejected Hamilton's argument that equitable considerations permitted his untimely Title VII claims. The court also concluded that the relief accorded to Hamilton by the Army for the discriminatory suspension was adequate, particularly in light of the documented incidents of unrelated misconduct which supported the termination decision. Accordingly, the court granted summary judgment for the Army on all claims. Hamilton appeals.

Hamilton first contends that the district court erred in refusing to invoke equitable estoppel or equitable tolling to permit consideration of his Title VII claims. Next, he argues that the court erred in determining that the relief accorded by the Army for the discriminatory suspension was adequate.

We review the granting of summary judgment de novo. *Walker v. National City Bank of Minneapolis*, 18 F.3d 630, 631 (8th Cir.1994). Summary judgment is proper if, based on the pleadings and affidavits, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In reviewing the district court's grant of summary judgment, we view the facts in the light most favorable to the nonmoving party. *McCuen v. Polk County, Iowa*, 893 F.2d 172, 173 (8th Cir.1990).

Hamilton filed his Title VII claims attacking the legality of his termination in December 1991, well after the 180–day period in which such claims must normally be filed. *See* 42 U.S.C. § 2000e–5(e); *Walker v. St. Anthony's Medical Ctr.*, 881 F.2d 554, 556 (8th Cir.1989). Hamilton concedes that he failed to fully exhaust his administrative remedies by abandoning the administrative process after mistakenly filing an exception to the arbitrator's decision with the Federal Labor Relations Authority. Had he properly pursued his claims, Hamilton could have obtained de novo review of his discrimination claims in federal district court. *See Smith v. Kaldor*, 869 F.2d 999, 1006 & n. 6 (6th Cir. 1989). Because he did not pursue this route, Hamilton recognizes that his claims are barred unless he falls within some exception to the normal filing requirements. He relies on the Supreme Court's pronouncement that Title VII claims may be "subject to waiver as well as tolling when equity so requires." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–98, 102 S.Ct. 1127, 1132–35, 71 L.Ed.2d 234 (1982). Hamilton argues that

the Army and the Equal Employment Opportunity Commission failed to meet their obligation to advise him of the various fora in which he could pursue his claims. *See* 29 C.F.R. Pt. 1613. This shortcoming and his related ignorance, he contends, justify applying equitable estoppel and tolling.

■ The availability of equitable estoppel is quite limited in this context:

> The statute of limitations under [Title VII] will not be tolled on the basis of equitable estoppel unless the employee's failure to file in timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.

*Kriegesmann v. Barry–Wehmiller Co.,* 739 F.2d 357, 358–59 (8th Cir.) (quoting *Price v. Litton Business Sys., Inc.,* 694 F.2d 963, 965 (4th Cir.1982)), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984). We are convinced that any inadequacy of the notification by the Center, even if shown, does not warrant the application of equitable estoppel. Hamilton has introduced no evidence that the Center acted pursuant to a "deliberate design" or an unmistakable understanding that Hamilton would delay filing his charges. Indeed, the record shows that the Center notified Hamilton of two available administrative options: filing a written grievance (which he did) and filing a complaint with the Merit Systems Protection Board. In light of this record, we are convinced that the district court did not err in refusing to apply equitable estoppel.

■ We similarly reject Hamilton's reliance on equitable tolling. Hamilton argues that unlike equitable estoppel, which looks to the employer's conduct, equitable tolling focuses on the employee's excusable ignorance. *See Felty v. Graves–Humphreys Co.,* 785 F.2d 516, 519 (4th Cir.1986). The record reflects, however, that Hamilton knew of each of the three administrative options available to him. He had just filed a complaint with the Equal Employment Opportunity Commission regarding his 1988 suspension. His termination letter notified him of the remaining two administrative options. We have considered Hamilton's argument that he lacked sufficient knowledge of the details about these various options, but we conclude it is without merit. Hamilton knew he could contest his discharge and was familiar with the fora in which to bring his claims. This knowledge is sufficient to preclude equitable tolling. *See DeBrunner v. Midway Equip. Co.,* 803 F.2d 950, 952 (8th Cir.1986) (equitable tolling of ADEA claim held inappropriate because employee was "generally aware" of her right to sue). Accordingly, the district court did not err in granting summary judgment in favor of the Army on Hamilton's discriminatory discharge claim.

Hamilton concedes that his second argument, which contests the sufficiency of the relief for his discriminatory suspension, "should be disposed of in a manner consistent with the Court's finding on the issue of whether defendant's Motion for Summary Judgment is precluded by equitable considerations." Appellant's Brief at 19. Accordingly, we need not discuss this argument.

We affirm the judgment of the district court.