# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2087

_____

| | |
|---|---|
| Diane Bailey, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| United States Postal Service; | * |
| Bill Bailey, Postmaster and individually, | * |
| | * |
| Appellees. | * |

_____

Submitted: January 13, 2000

Filed: April 3, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Diane Bailey appeals from an adverse grant of summary judgment on her sex
discrimination claim, based on Title VII of the Civil Rights Act of 1964 (Title VII), 42
U.S.C. §§ 2000e et seq., against the United States Postal Service. We affirm.

## I.

Bailey, a postal employee, claims that on February 23, 1998, the Postmaster for Harrison, Arkansas, shouted at her in the presence of other employees and in the hearing of customers. This encounter humiliated and embarrassed Bailey, allegedly upsetting her to the point of tears. Over the next several months, Bailey communicated with various supervisors and Equal Employment Opportunity (EEO) counselors within the Postal Service, informing them about the incident and seeking advice on how she might proceed.

Bailey first made a written request to the Postal Service for EEO counseling on July 13, 1998, in which she described the encounter and claimed sex discrimination. This eventuated in a formal administrative complaint, which the Postal Service dismissed as untimely. Bailey filed the instant suit on December 18, 1998, invoking Title VII and also claiming intentional infliction of emotional distress. The district court[1] granted the Postal Service's motion for summary judgment on both counts, and Bailey appeals on the Title VII claim.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Henerey v. City of St. Charles School Dist., 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment should be granted if the evidence, viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c). A party opposing summary judgment may not rest upon "mere allegations or denials" contained in its pleadings, but must, by sworn affidavits

---

[1]The Honorable Franklin H. Waters, United States District Judge for the Western District of Arkansas.

and other evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Before bringing discrimination claims, Title VII plaintiffs must exhaust available administrative remedies. See Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999). Specifically, employees of federal government agencies who believe that they have been discriminated against "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Such employees "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." Id. § 1614.105(a)(1). An aggrieved employee who can show that he "was not notified of the time limits and was not otherwise aware of them" may be absolved from any failure to comply with the 45-day filing deadline. Id. § 1614.105(a)(2).

We find that Bailey did not meet this deadline. Although Bailey did speak with Postal Service EEO counselors within 45 days after her encounter with the Harrison Postmaster, the government submitted reports and affidavits indicating that these counselors informed Bailey that her conversations with them would not be considered requests for counseling and that such requests needed to be submitted in writing within 45 days of the alleged discriminatory incident. Bailey did not specifically argue before the district court that her early conversations with the EEO counselors constituted requests for counseling under section 1614.105(a), and she has offered no evidence to support her contention that they led her to believe that she had taken all the steps necessary to preserve her right to bring a claim in federal court.[2] Indeed, according to

_____

[2]EEOC regulations do not explicate the meaning of "consult a Counselor," 29 C.F.R. § 1614.105(a), or "initiate contact with a Counselor," id. § 1614.105(a)(1), and we are unable to locate any cases defining these phrases. The Postal Service, however, appears to have a regular policy of requiring employees who allege harassment to submit their EEO counseling requests in writing. We do not address the propriety of this policy.

documents attached to the government's motion for summary judgment, one of the counselors she spoke with stated that Bailey explicitly disavowed any intent to request EEO counseling at that time. Bailey has therefore waived the argument that her initial communications with the Postal Service's EEO counselors complied with section 1614.105(a). See Briley, 172 F.3d at 571.

In addition, Bailey was not excused from complying with the 45-day requirement. In addition to having been notified of the deadline when she spoke with the EEO counselors after the incident, the government's evidence indicates that Bailey was "otherwise aware" of the requirement, see 29 C.F.R. § 1614.105(a)(2), having been informed of the proper procedures for bringing employment discrimination complaints, both as part of her training as a new employee and by means of a poster displayed in her workplace. Bailey, who failed to submit even a single affidavit in support of her motion opposing summary judgment, has done nothing to counter these assertions. See Fed. R. Civ. P. 56(e).

We also find Bailey's other arguments to be without merit. Bailey is not entitled to estoppel because she has not shown that her failure to file in a timely fashion was the consequence of either a deliberate design by the Postal Service or of actions that the Postal Service should have understood would cause Bailey to delay filing. See Hamilton v. West, 30 F.3d 992, 994 (8th Cir. 1994). Similarly, Bailey has offered no specifics in support of her argument that the filing deadline should have been extended because harassing behavior continued after the February 23, 1998, shouting incident. Because her July 13, 1998, request for EEO counseling occurred well after the expiration of the 45-day period, we agree with the district court that Bailey failed to exhaust her administrative remedies.

The summary judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.