# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3142

_____

Fannie L. Watson,

       Appellant,

    v.

William J. Henderson, Postmaster
General of the United States Post Office,

       Appellee.

\* Appeal from the United States District
\* Court for the Eastern District of
\* Missouri.

\* [UNPUBLISHED]

_____

Submitted:  April 14, 2000

Filed:  April 21, 2000

_____

Before RICHARD S. ARNOLD, ROSS, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

    Fannie L. Watson appeals the district court's grant of summary judgment in favor of William J. Henderson, Postmaster General of the United States Postal Service (Service).   We affirm.

    The Service hired Watson for a position as a flat sorter machine operator. During training she passed two dexterity tests for the position.  She, however, quit training, submitting a medical opinion that she was unable to operate the machine due to a 1969 injury to her right hand which caused a contraction of two fingers.  Watson made no further efforts to complete training and was terminated.

In her complaint, Watson alleged race, sex, and disability discrimination and a retaliation claim. The Service moved for summary judgment, arguing that Watson was not disabled, had failed to support her race and sex discrimination claims with any facts, and had failed to exhaust her administrative remedies regarding her retaliation claim. In support of the motion, among other things, the Service offered portions of Watson's deposition in which she stated that since the termination she had worked at jobs requiring her to answer the telephone, input data into a computer, and use a pencil, broom, and vacuum. In her deposition, she also stated she drove, shopped, cooked, and cleaned her house. Watson opposed the motion, asserting she was disabled but offering no evidence in support.

On appeal Watson argues the district court erred in granting summary judgment on her disability claim. The court did not err. A party opposing a properly supported summary judgment motion, "may not rest upon 'mere allegations or denials' contained in [the] pleadings, but must, by sworn affidavits and other evidence, 'set forth specific facts showing that there is a genuine issue for trial.'" Bailey v. United States Postal Serv., No. 99-2087, 2000 WL 340759, at *1 (8th Cir. Apr. 3, 2000) (quoting Fed. R. Civ. P. 56(e)). Watson, "who failed to submit even a single affidavit in support of her . . . opposi[tion to] summary judgment, has done nothing to counter" the Service's evidence. Id. at *2.

Finding no error of law or fact, we affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-