# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1827

_____

|  |  |  |
|---|---|---|
| Beverly Burkett, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Dan Glickman, Secretary, | * | District of Arkansas. |
| United States Department | * | |
| of Agriculture, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 13, 2003

Filed: May 2, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Beverly Burkett appeals a grant of summary judgment to her employer, the United States Department of Agriculture, Farm Service Agency (FSA), in her employment discrimination action brought under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e through 2000e-17. Ms. Burkett, who is black, alleged

that she was subjected to adverse employment actions and a hostile work environment because of her race. We affirm the judgment of the district court.[1]

## I.

We review a district court's grant of summary judgment *de novo*. *Rademeyer v. Farris*, 284 F.3d 833, 836 (8th Cir. 2002). "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see* Fed. R. Civ. P. 56(c).

We first address Ms. Burkett's claim that she was denied promotions on the basis of her race. Ms. Burkett maintains that the FSA denied her a promotion on twenty-one separate occasions, each time awarding the position to a lesser qualified white person. An examination of the record indicates, however, that only one of those incidents is properly before us.

Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies. For a federal employee, this requires, as an initial matter, that she "initiate contact" with an Equal Employment Opportunity (EEO) counselor "within 45 days of the date of the matter alleged to be discriminatory" or of the effective date of the alleged discriminatory personnel action, 29 C.F.R. § 1614.105(a)(1); *see also Jensen v. Henderson*, 315 F.3d 854, 858 (8th Cir. 2002). If the matter cannot be resolved informally with the help of the counselor, the employee may file a formal EEO complaint with the agency. *See* 29 C.F.R. § 1614.106.

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Ms. Burkett has filed four EEO complaints with the FSA during the course of her employment, only three of which remain relevant on appeal, and only two of those, construed liberally, raised a failure-to-promote claim. One of these two was filed after she consulted with an EEO counselor on May 31, 1994, but the record reveals that Ms. Burkett was not even denied a promotion within the 45 days preceding the contact. The other relevant EEO complaint, filed on March 24, 1998, raised only one failure-to-promote claim that had arisen within the 45 days preceding Ms. Burkett's contact with a counselor on December 8, 1997. The rest of the incidents that Ms. Burkett now complains of were not raised within the time that the Title VII regulations allot.

Ms. Burkett contends that her earlier failure-to-promote claims are timely because, along with the claim raised in her March 24 EEO complaint, they are part of a continuing violation of Title VII. But the Supreme Court has held that events "such as termination, failure to promote, denial of transfer, or refusal to hire" constitute completed acts at the time that they occur. *See National R.R. Passenger Corp. v. Morgan*, 122 S. Ct. 2061, 2072-73 (2002); *see also Jensen*, 315 F.3d at 859. These "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 122 S. Ct at 2072. Although in *Morgan* the plaintiff's Title VII claims were subject to different time limits because he was not a federal employee, *see* 42 U.S.C. § 2000e-5(e)(1), we think it plain that the principles set forth there govern cases involving the 45-day deadline for federal workers' claims. *See Jensen*, 315 F.3d at 858-59 & n.9. The district court therefore correctly declined to consider claims for incidents that occurred outside the relevant time period.

We turn now to the failure-to-promote claim that Ms. Burkett raised in her March 24 EEO complaint. To prevail on this claim, Ms. Burkett must first establish a prima facie case of discrimination. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). If she does so, the employer must rebut the presumption of

discrimination that her prima facie case raises by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 506-07. If the employer does so, the burden of production shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretextual. *Id* at 507-08. The district court found that even if Ms. Burkett established a prima facie case, she did not offer evidence to demonstrate that FSA's nondiscriminatory explanation was pretextual. We agree.

When Ms. Burkett applied for the position at issue in this claim, she stated that the lowest grade level that she would accept was a grade level of nine. The FSA asserted below that because of a forecasted reduction-in-force it decided that its staffing needs would best be met by hiring only at grade level seven. For this reason, the FSA said, Ms. Burkett and all other applicants indicating acceptable grade levels other than seven were not considered for interviews.

Once the FSA articulated this nondiscriminatory justification for not promoting Ms. Burkett, it was entitled to summary judgment in the event that she could not produce evidence of pretext. The only evidence that Ms. Burkett offered on the issue of pretext, however, was her own affidavit stating generally that she had been discriminated against. Without more specific evidence indicating that racial animus played a part in the decision not to promote Ms. Burkett, a reasonable jury could not conclude that FSA's articulated justification for failing to do so was a pretext for illegal discrimination. *See, e.g., Berg v. Bruce*, 112 F.3d 322, 327-28 (8th Cir. 1997). The district court therefore correctly rejected this claim.

## II.

In addition to the failure-to-promote claims that we have already discussed, Ms. Burkett claims that she was discriminated against in several other respects. The district court held that Ms. Burkett produced no evidence showing pretext after the FSA articulated legitimate nondiscriminatory reasons for its decision to delay

-4-

Ms. Burkett's promotion from grade six to grade seven and for its decision not to award her a discretionary bonus. The district court also held that Ms. Burkett suffered no adverse employment action when she received a letter of reprimand from her direct supervisor or when another FSA manager denied her access to his office because of a potential conflict of interest. After carefully reviewing the record, we are convinced that summary judgment was appropriate as to each of these claims.

III.

Ms. Burkett alleged in her complaint that she was "subjected to a hostile work environment, including being present during the utterance of racially prejudicial remarks by supervisors and by racially motivated hostile treatment by coworkers." Ms. Burkett, however, offered no evidence that she was present when such remarks were made, nor did she indicate even approximately what they were. The only substantial supporting evidence that she offers for this claim is the deposition testimony of a white co-worker stating that Gerald Steed, Ms. Burkett's supervisor, had occasionally used the word "nigger" in front of certain FSA employees; whether those employees were black or white does not appear. In contrast, another one of Ms. Burkett's witnesses, a black employee in the same office, testified that he had never heard Mr. Steed use that word.

The Supreme Court has made it clear that for a hostile work environment claim to succeed, the alleged conduct "must be [so] extreme" that it amounts to a "change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-88 (1998). Offhand comments and isolated incidents of offensive conduct (unless extremely serious) do not constitute a hostile work environment. *Id.* at 788. We emphasize our belief that remarks that are racially offensive are highly reprehensible, but we agree with the district court that there is not enough evidence in the record to lead a reasonable jury to conclude that Ms. Burkett was subjected to a hostile work environment. (We also note that Mr. Steed played no part in the adverse employment actions that we dealt with earlier in this opinion.)

For the foregoing reasons, we affirm the order of the district court granting summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.