# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-1496

—————

Derek L. Givens,                 *
                                       *

         Appellant,          *

                                        *   Appeal from the United States

       v.                          *   District Court for the

                                        *   Eastern District of Arkansas.

Cingular Wireless,        *

                                       *

         Appellee.           *

—————

Submitted: February 4, 2005
Filed:   February 7, 2005

—————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

—————

PER CURIAM.

Derek L. Givens appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action. Having carefully reviewed the record, see Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (standard of review), we affirm.

As to Givens's hostile-work-environment claim, we agree with the district court Givens did not show that he was subjected to conduct extreme enough to

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

change the terms and conditions of his employment, see Burkett v. Glickman, 327 F.3d 658, 662 (8th Cir. 2003), or that the conduct was due to his race or gender. As to Givens's retaliation claim, we also agree that placing Givens on a "performance improvement plan," without more, did not constitute an adverse employment action, see Henthorn v. Capitol Communications, Inc., 359 F.3d 1021, 1028 (8th Cir. 2004) (negative employment review is actionable only if it is later used as basis to alter in detrimental way terms or conditions of recipient's employment); and we find no basis in the record for a constructive-discharge claim, see Summit v. S-B Power Tool, 121 F.3d 416, 421 (8th Cir. 1997) (explaining constructive discharge), cert. denied, 523 U.S. 1004 (1998). Finally, Givens's complaint about his counsel's representation in the district court is not a basis for reversal. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____