# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-3824

_____

Devonna Culpepper,

            Appellant,

    v.

Ed Schafer,[1] Secretary, United
States Department of Agriculture,

            Appellee.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: September 26, 2008
Filed: December 1, 2008

_____

Before WOLLMAN, SMITH and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Devonna Culpepper brought this action against the Secretary of the United States Department of Agriculture ("USDA"), alleging that the USDA discriminated against her because she is disabled and retaliated against her for engaging in protected

---

[1]Ed Schafer succeeded Mike Johanns as Secretary of the United States Department of Agriculture on January 28, 2008, and is automatically substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

conduct. The district court granted the USDA's motion for summary judgment. Culpepper appeals, and for the following reasons, we reverse.

## I.     BACKGROUND

Culpepper's hearing has been profoundly impaired for her entire adult life. Culpepper is employed by the USDA's Rural Development Offices for the State of Arkansas, where she has worked for nearly thirty years. During that time, Culpepper has filed at least two other equal employment opportunity ("EEO") complaints against the USDA, both of which were eventually settled.

On or about January 17, 2005, Culpepper sent a letter to the Director of the USDA's Office of Civil Rights in which she alleged that the USDA violated federal laws against disability discrimination and retaliation. One of Culpepper's allegations related to the USDA's treatment of her application for a merit-based promotion to the position of "Purchasing Agent." An instruction appearing at the top of the USDA's job posting for that position stated: "To file a complaint of discrimination, write USDA, Director, Office of Civil Rights . . . or call [listed voice and telecommunications device for the deaf ("TDD") number]." In her letter to the Director, Culpepper declared, among other things: "Due to the nature of my complaint and previous complaints, I would request that the informal phase be waived and the formal phase begins [sic] with this complaint and supporting documentation. If not, consider this my official contact to begin the process." Although Culpepper produced a signed return receipt showing that the USDA received her letter on January 21, 2005, the USDA never responded to the letter.

On February 6, 2006, Culpepper filed this suit in the United States District Court for the Eastern District of Arkansas. The proceedings were delayed because Culpepper failed to serve her complaint on the United States Attorney.

On June 1, 2006, Culpepper sent a second letter to the Director of the USDA's Office of Civil Rights in which she alleged that the USDA again violated federal disability discrimination and retaliation laws. Culpepper's principal allegation related to the USDA's treatment of her application for a merit-based promotion to the position of "Loan Specialist." An instruction appearing at the top of the USDA's job posting for that position stated: "To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights . . . or call [listed voice and TDD numbers]." Culpepper's letter again stated: "Due to the nature of my complaint and previous complaints, I would request that the informal phase be waived and the formal phase begins [sic] with this complaint and supporting documentation. If not, consider this my official contact to begin the process." Culpepper produced a signed return receipt showing that the USDA received her second letter on June 2, 2006, but the USDA again failed to respond.

Culpepper sent two more letters to the Director of the USDA's Office of Civil Rights. In her third letter, dated October 18, 2006, Culpepper referred to the allegations made in her January 2005 "complaint," notified the USDA that she had filed this "civil action," and requested a "final agency decision." In her fourth letter, dated November 29, 2006, Culpepper referred to the allegations made in her June 2006 "complaint" and again requested a "final agency decision."

The Director of the USDA's Office of Civil Rights responded to Culpepper's requests for final agency action in a letter dated December 11, 2006. While the Director acknowledged that the Office of Civil Rights had received Culpepper's October 18 and November 29 letters, she reported that her office had no record of Culpepper's January 2005 and June 2006 complaints. The Director further stated that Culpepper's filing of a lawsuit in federal court "divests this office of jurisdiction over the issues raised in the civil action." Finally, the Director advised Culpepper that if she wished to bring an EEO complaint, she must "initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in

the case of personnel action, within 45 days of the effective date of the action." The USDA did not issue a final agency decision.

On March 2, 2007, Culpepper filed an amended complaint in this action. The USDA moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. The USDA argued that Culpepper failed to exhaust her administrative remedies because she did not comply with 29 C.F.R. § 1614.105(a), a regulation that establishes mandatory "pre-complaint processing" for federal employees who seek to bring employment discrimination claims. The USDA asserted that Culpepper did not "initiate contact" with an EEO counselor within 45 days of the alleged acts of discrimination as § 1614.105(a) requires.

The district court decided that exhaustion of administrative remedies was not a jurisdictional requirement and that the parties had relied on matters beyond the face of the pleadings in litigating the USDA's motion. Accordingly, the court considered the exhaustion issue under the standard governing a motion for summary judgment. The court found that Culpepper's previous EEO complaints, along with her written requests to waive the "informal phase," demonstrated that Culpepper was aware of the EEO counseling process. Holding that Culpepper's "administrative complaints" to the Director of the USDA's Office of Civil Rights did not satisfy the EEO counselor contact requirement under § 1614.105(a), the court granted the USDA's motion for summary judgment. Culpepper appeals, arguing that she exhausted her administrative remedies by contacting the Director of the USDA's Office of Civil Rights.

## II.    DISCUSSION

Summary judgment is appropriate where the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

-4-

56(c); *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). We review de novo a district court's decision to grant summary judgment. *Bailey v. USPS*, 208 F.3d 652, 654 (8th Cir. 2000).

The district court accepted the USDA's argument that Culpepper failed to exhaust her administrative remedies because she did not comply with 29 C.F.R. § 1614.105(a). That regulation provides, in pertinent part, that "[a]ggrieved persons who believe they have been discriminated against on the basis of . . . handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Moreover, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* § 1614.105(a)(1). Although the regulation does not define the term "initiate contact," the Equal Employment Opportunity Commission has consistently held that "a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process." E.E.O.C. Management Directive 110, at ch. 2, § I.A, n.1 (Nov. 9, 1999) (citing *Kinan v. Cohen*, E.E.O.C. Dec. 05990249, 1999 WL 320546 (May 6, 1999); *Floyd v. Temple*, E.E.O.C. Dec. 05890086, 1989 WL 1006770 (June 22, 1989)); *see also, e.g.*, *Osuagwu v. Peake*, E.E.O.C. Dec. 0120081307, 2008 WL 2264405 (May 20, 2008) (same); *Thompson v. Chertoff*, E.E.O.C. Dec. 0120080545, 2008 WL 382208 (Feb. 4, 2008) (same).

The EEOC's interpretation of § 1614.105(a) is relevant because an agency's interpretation of its own regulation is "controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989)). Thus, we held in *Nygren v. Ashcroft*, 109 Fed. Appx. 816 (8th Cir. 2004) (unpublished per curiam), that the EEOC's interpretation of § 1614.105(a) is entitled to deference under

*Auer*. *Id.* at 819. Other courts considering § 1614.105(a) have likewise deferred to the EEOC's interpretation. *See, e.g.*, *Johnson v. Cohen*, 6 Fed. Appx. 308, 311 (6th Cir. 2001) (unpublished per curiam) (holding that the EEOC's interpretation "is not plainly erroneous or inconsistent with the regulation"); *Klugel v. Small*, 519 F. Supp. 2d 66, 71–72 (D.D.C. 2007) (adopting the EEOC's interpretation and collecting cases in which federal courts reached the same result). While the USDA correctly notes that we are free to reject an agency's interpretation of its own regulation if that interpretation is "plainly erroneous" or "inconsistent with the regulation," it does not affirmatively argue that we should reject the EEOC's interpretation of § 1614.105(a). Because we do not independently discern any reason to depart from our holding in *Nygren* or the consensus opinion of the other courts that have considered this issue, we conclude that the EEOC's interpretation of § 1614.105(a) controls our analysis in this case.

The district court cited our decision in *Nygren* for the proposition that an employee "initiates contact" within the meaning of § 1614.105(a) by "contact[ing] an agency official logically connected to the EEO process and exhibit[ing] an intent to begin the EEO process." However, the court granted the USDA's motion for summary judgment based on its determination that Culpepper did not contact an EEO counselor. The USDA asks us to affirm the district court's grant of summary judgment, contending that Culpepper cannot prevail because she never contacted an EEO counselor to begin "the informal [EEO] process."

Given the EEOC's interpretation of § 1614.105(a), the dispositive question is not whether Culpepper contacted an EEO counselor—she did not. Instead, the question is whether Culpepper's letters to the Director of the USDA's Office of Civil Rights in January 2005 and June 2006 satisfied the EEO counselor contact requirement even though she did not contact an EEO counselor. Applying the EEOC's interpretation of § 1614.105(a) to the facts of this case, we hold that Culpepper's letters (1) initiated contact with an agency official who is logically

connected with the EEO process and (2) demonstrated Culpepper's intent to begin the EEO process.[2]

First, as the EEOC has held, the director of an agency's office of civil rights is logically connected with the EEO process. *Duke v. Slater*, E.E.O.C. Dec. 01A02129, 2000 WL 732027, at *1 (May 22, 2000) ("Clearly, the Director of the agency's Office of Civil Rights is logically connected to the EEO process."). Indeed, we cannot think of an official in the USDA—except for an EEO counselor—who is more closely connected with the EEO process than the Director of the USDA's Office of Civil Rights.

Second, Culpepper's letters announced in unequivocal terms her intent to begin the EEO process. Both of Culpepper's letters included the statement: "Due to the nature of my complaint and previous complaints, I would request that the informal phase be waived and the formal phase begins [sic] with this complaint and supporting documentation. If not, *consider this my official contact to begin the process.*" (Emphasis added.) Culpepper's statement was sufficient to put the USDA on notice that she intended to begin the EEO process. *See Hunnicutt v. Dalton*, E.E.O.C. Dec. 01966613, 1997 WL 420011, at *2 (July 23, 1997).

The USDA argues that Culpepper's previous EEO complaints and her written requests to waive the "informal phase" prove that she was aware of the EEO counselor contact requirement but chose not to comply with it. The EEOC has made it clear, however, that an aggrieved person's "contact with an agency official who [is] not an EEO Counselor, but who [is] 'logically connected with the EEO process,' [can be] sufficient to constitute EEO contact, notwithstanding the fact that [the] complainant

---

[2]For present purposes, we assume that Culpepper's letters were actually sent to and received by the Director. *See, e.g.*, *Gretillat v. Care Initiatives*, 481 F.3d 649, 652 (8th Cir. 2007) ("[W]e view the facts in the light most favorable to the . . . party [opposing a motion for summary judgment] . . . .").

apparently [is] aware of the EEO process." *Hernandez v. Runyon*, E.E.O.C. Dec. 01972231, 1998 WL 156079, at *2 (Mar. 31, 1998). Thus, under the EEOC's interpretation of § 1614.105(a), Culpepper's knowledge of the EEO process and her misguided request to waive the "informal phase" are irrelevant so long as she contacted a USDA official who is logically connected with the EEO process and exhibited an intent to begin that process. We are convinced that Culpepper's letters to the Director of the USDA's Office of Civil Rights satisfied that requirement.[3]

Our decision in *Bailey v. USPS*, 208 F.3d 652 (8th Cir. 2000), is not to the contrary. In *Bailey*, we held that an aggrieved employee failed to exhaust her administrative remedies even though she communicated with EEO counselors within the 45-day limitations period. *Id.* at 654. Unlike Culpepper, the aggrieved employee in *Bailey* "waived the argument that her initial communications with . . . EEO counselors complied with section 1614.105(a)." *Id.* at 655 (referring to evidence in the record that the aggrieved employee "explicitly disavowed any intent to request EEO counseling" during her preliminary conversations with EEO counselors). Culpepper has not only preserved the argument, she has supplied documentary evidence proving that she contacted the Director of the USDA's Office of Civil Rights and announced her intent to begin the EEO process.

In summary, we hold that Culpepper's letters to the Director of the USDA's Office of Civil Rights satisfied the EEO counselor contact requirement under § 1614.105(a) because they initiated contact with a USDA official who is logically

---

[3]As a result, we need not consider whether the instructions appearing at the top of the USDA's job postings might excuse an employee's noncompliance with § 1614.105(a) under the doctrines of equitable estoppel or equitable tolling.

connected with the EEO process and exhibited the requisite intent to begin the process.[4]

## III.   CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

_____

[4]The parties have not meaningfully addressed the question whether Culpepper's letters were submitted within the 45-day limitations period, and we do not decide that issue.