# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2249

_____

Gina Jenkins,                      *

                                     *

         Plaintiff - Appellant,      *

                                       *    Appeal from the United

     v.                                 *    States District Court for the

                                         *    Western District of Missouri.

Ray Mabus, Secretary of the Navy,    *

                                       *

         Defendant - Appellee,      *

                                       *

CMC Wesley Jones; End to End,     *

Inc.; Chief Recruiter Clayton Hartley,   *

                                       *

         Defendants.            *

_____

Submitted: May 10, 2011
Filed: July 22, 2011

_____

Before MELLOY and BENTON, Circuit Judges, and GRITZNER,[1] District Judge.

_____

BENTON, Circuit Judge.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Gina M. Jenkins sued Ray Mabus,[2] Secretary of the Navy, for sexual harassment and retaliation, in addition to state-law claims. After an evidentiary hearing, the district court[3] dismissed the case because Jenkins failed to exhaust her administrative remedies. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

As detailed in this court's previous opinion, the harassment before December 4, 2003, consisted of daily sexually-suggestive comments, repeated requests for sex, and a touching and fondling of Jenkins's leg and thigh. *See **Jenkins v. Winter***, 540 F.3d 742, 745 (8th Cir. 2008). The district court initially granted summary judgment to the Navy. On appeal, this court affirmed as to retaliation, but reversed and remanded as to sexual harassment. *Id.* at 751. Jenkins then filed a second amended complaint alleging that the Navy's acts after December 4 constituted continued sexual harassment. In the evidentiary hearing, she testified as to acts after December 4: (1) the Chief Recruiter said that "she slept around, it was her own problem, that she was making up – trying to hurt people's career and making up accusations that were not true"; (2) the same Recruiter said he was "going to take her down"; (3) a different recruiter walked up to her and said, "You're a slutty bitch. You already got the man fired. What else do you want?"; (4) co-workers told her, "We're really sorry what has happened but we're not allowed to talk to you anymore"; and (5) the Executive Officer called her a "drama queen" and referred to this office as "the Jerry Springer show."

---

[2]Pursuant to Fed. R. App. P. 43(c)(2), Secretary of the Navy, Ray Mabus is automatically substituted for his predecessor, Donald C. Winter.

[3]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

The district court found that the conduct after December 4 was not "continuing sexual harassment" sufficient to constitute a continuing violation. *Jenkins v. Winter*, No. 04-0966-CV-W-FJG, 2010 WL 1170511 (W.D. Mo. Mar. 19, 2010). According to the court, Jenkins failed to exhaust her administrative remedies because she first made contact with an Equal Employment Opportunity (EEO) counselor on February 10, 2004 – 68 days after the sexual harassment ended. The district court concluded that neither equitable tolling nor equitable estoppel saved her claim, and dismissed her complaint.

## II.

### A.

This court reviews the district court's findings of fact for clear error, and its conclusions of law de novo. *See Briley v. Carlin*, 172 F.3d 567, 570 (8th Cir. 1999).

In order for a federal employee to sue for sex discrimination under Title VII, the employee must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." **29 C.F.R. § 1614.105(a)(1)**; *see West v. Gibson*, 527 U.S. 212, 218-19 (1999) (Title VII, as applicable to federal employees, is "a dispute resolution system that requires a complaining party to pursue administrative relief prior to court action, thereby encouraging a quicker, less formal, and less expensive resolution of disputes within the Federal Government and outside of court"), *citing* **29 C.F.R. § 1614.105(a)** *and Brown v. GSA*, 425 U.S. 820, 832, 833 (1976) (federal complainant must seek relief in the agency that allegedly discriminated, part of the "rigorous administrative exhaustion requirements"); *Culpepper v. Schafer*, 548 F.3d 1119, 1122-24 (8th Cir. 2008) (discussing meaning of "initiate contact").

Jenkins asserts that she contacted an EEO counselor within 45 days of the discriminatory matter because the Navy's conduct after December 4 was "continuing

sexual harassment" that created a hostile work environment. Jenkins argues she is not just re-labeling her previously dismissed retaliation claim because each of her complaints "repleads and incorporates" conduct before and after December 4 in the sexual harassment claim.

This argument is baseless. In her Formal EEO Complaint of Discrimination, responding to "Date(s) on which most recent alleged discrimination occurred," Jenkins hand-wrote "Oct 16, 2003 thru Dec 4, 2003." In her opposition to the Navy's motion for summary judgment, Jenkins specifically said that the "continuing sexual harassment" began "shortly after" October 14, 2003, and lasted "almost two months," and that "the numerous acts of harassment" were "continuous and repeated over a two-month period." *See National Sur. Corp. v. Ranger Ins. Co.*, 260 F.3d 881, 886 (8th Cir. 2001) (judicial efficiency demands that a party not be allowed to deny what it has formally told the court). In her deposition, when asked three times whether the sexual harassment stopped on December 4, each time Jenkins said that it did. *See Torgerson v. City of Rochester*, ___ F.3d ___, 2011 WL 2135636 at *17 (8th Cir. June 1, 2011) (en banc) (admissions in plaintiff's own deposition may conclusively resolve the nature of plaintiff's claim). The district court properly found that the "sexually harassing conduct ended on December 4, 2003."

Contradicting her EEO complaint, pleadings, and admissions, Jenkins argues that the post-December 4 conduct was continuing sexual harassment because she is female, although the conduct was not sexual in nature, not as frequent, and not as severe. "A charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002); *see also Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003) (principles in *Morgan* as to time limits on "employment practice" of private employer apply to "matter" of federal employer). This court considers "whether the acts about which an employee complains are part

of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." **Rowe v. Hussmann Corp.**, 381 F.3d 775, 779 (8th Cir. 2004), *quoting* **Morgan**, 536 U.S. at 120. "[A]cts before and after the limitations period [that are] *so similar in nature, frequency, and severity . . .* must be considered to be part and parcel of the hostile work environment that constituted the unlawful employment practice that gave rise to th[e] action." **Wilkie v. Dep't of Health & Human Servs.**, 638 F.3d 944, 951 (8th Cir. 2011), *quoting* **Rowe**, 381 F.3d at 781.

The district court correctly concluded that the post-December 4 conduct is not similar in nature, frequency, and severity to the pre-December 4 conduct. In *Wilkie*, this court rejected a continuing-violation theory where the original harassment was the defendant's sexual advances, while the later conduct was markedly different, consisting of slights, insults, and affronts. *See* **Wilkie**, 638 F.3d at 952. In this case also, the Navy's post-December 4 conduct consisted of insults, slights, and affronts that were markedly different from the original sexual advances. The reason for the marked difference is clear: as the district court specifically found, the Commanding Officer "took immediate action to resolve the situation on December 4, 2003," and that the "sexually harassing conduct ended on December 4, 2003." *Cf.* **Jensen v. Henderson**, 315 F.3d 854, 862 (8th Cir. 2002) (as the employer allowed harassment to continue into the 45-day period, employee timely contacted EEO counselor). Because the post-December 4 conduct was not so similar to the earlier conduct as to be a continuing violation, Jenkins did not contact an EEO counselor within 45 days after the sexual harassment.

Finally, the post-December 4 conduct – which Jenkins timely contacted an EEO counselor about – does not independently constitute a hostile work environment. *See* **Patrick v. Henderson**, 255 F.3d 914, 916 (8th Cir. 2001) (even if some Title VII claims are time-barred, district court has jurisdiction of properly-exhausted claims). Again, the *Wilkie* case is analogous: the slights, insults, and affronts after December

4 were not "so severe or pervasive that it met the high threshold for a hostile work environment. . . . that it altered a term, condition, or privilege of [Jenkins's] employment." *Wilkie*, 638 F.3d at 953-54 (internal quotation marks omitted), *citing, e.g.*, *Duncan v. General Motors Corp.*, 300 F.3d 928, 934 (8th Cir. 2002); *cf. Sutherland v. Missouri Dep't of Corr.*, 580 F.3d 748, 752 (8th Cir. 2009) (affirming summary judgment against hostile-work-environment claim because initial incident involved offensive touching by one person, who was promptly disciplined, while the later acts did not involve the same person or physical contact). The district court properly dismissed Jenkins's case, unless equitable estoppel or equitable tolling applies.

B.

Equitable estoppel applies if a defendant actively prevents a plaintiff from suing on time; equitable tolling applies if the plaintiff, despite due diligence, can not obtain vital information about the existence of her claim. *See Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328-29 (8th Cir. 1995); *see also* **29 § C.F.R. 1614.105(a)(2)**. Jenkins has the burden to prove entitlement to either exception, and federal courts have historically "extended [such] equitable relief only sparingly" because it involves a waiver of sovereign immunity. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also* **T.L. ex rel. Ingram v. United States**, 443 F.3d 956, 963 (8th Cir. 2006).

According to Jenkins, the Navy prevented her from timely contacting an EEO counselor because the Navy emphasized to her its policy of handling such matters within the command and because there was "some confusion" about how a civilian-contract-employee's complaint should be handled. To show equitable estoppel, a plaintiff must be aware of her claim, but fail to file timely due either to the employer's "deliberate design," or to employer acts that it "should unmistakably have understood would cause the employee to delay" contacting an EEO counselor. *See Hamilton v. West*, 30 F.3d 992, 994 (8th Cir. 1994).

On November 17, 2003, the Command EEO officer told Jenkins she could file a formal complaint and asked if she wanted to. She said she did not, did not give names or details, preferred to handle it herself informally, and asked the Command EEO officer not to disclose anything. Jenkins emphasizes that at the December 4 meeting, "[the Command EEO officer] asked multiple times is this okay" if the Navy handled her concerns with the harasser, and that she agreed to handling complaint within the command. Putting this in perspective, the district court found that Jenkins was reluctant to participate in the internal investigation, and that neither the Commanding officer nor anyone else told her that she had to keep her complaint "in-house." Jenkins does not argue that these fact-findings are clearly erroneous. These facts do not indicate that the Navy deliberately "lulled or tricked [Jenkins] into letting the EEOC filing deadline pass," or understood its handling would cause Jenkins to delay contacting a counselor. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002). Although the district court found "some confusion" about how a civilian-contract-employee's complaint should be handled, confusion does not amount to "deliberate design," or "unmistakable understanding." *See Hedrich v. Bd. of Regents of Univ. of Wis. Sys.*, 274 F.3d 1174, 1182 (7th Cir. 2001) (employer behavior amounting to "deliberate design" is "typically acts of wrongdoing such as hiding evidence or promising not to rely on a statute of limitations defense"); *Hamilton*, 30 F.3d at 994 (no "unmistakable understanding" where plaintiff was notified of two available administrative options – filing a written grievance or filing a complaint – and chose not to file a complaint).

Jenkins also asserts that the Navy gave her incorrect information on how to proceed with her claim, and did not refer her to the Navy's EEO counselor as a contact for resolving the problem. "Equitable tolling will extend a deadline missed due to an employee's excusable ignorance, but the doctrine is precluded once it is shown that the employee was generally aware of her rights," which means "general knowledge" of the right not to be discriminated against or the means of obtaining such knowledge. *Briley*, 172 F.3d at 570. The doctrine of equitable tolling does not apply to "garden

variety" claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control. *T.L. ex rel. Ingram*, 443 F.3d at 963, *citing Irwin*, 498 U.S. at 96; *Shempert v. Hardwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998) (equitable tolling reserved for circumstances truly beyond the plaintiff's control – giving instances and citing cases usually involving misleading information from EEOC or state agency); *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (mental illness can be a ground for equitable tolling); *Jessie v. Potter*, 516 F.3d 709, 714 (8th Cir. 2008) (same, emphasizing high standard).

The district court found:

> The credible evidence showed that EEO resources in the form of written policies, EEO training, EEO reminders and EEO postings were widely available at the Navy office.
> . . . .
> [The Command EEO officer] provided training on the "red light-yellow light-green light" resolution procedures pamphlet that included a simple explanation of the 45-day counselor contact requirement.
> . . . .
> The Plaintiff [Jenkins] admitted she saw "red, white and blue" posters with the Navy personnel website listed, as well as an email address and advice line. One poster had a simple flow chart beginning with the step, "45 days to contact counselor." . . . The Plaintiff's co-worker, Stephanie Kretzer, repeatedly encouraged the Plaintiff to take advantage of the posted EEO contact information, both before and after December 4, 2003.

These findings, which Jenkins does not attack, indicate she was "generally aware of her rights." Equitable tolling does not apply here. *Accord Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 655 (8th Cir. 2000) (employer training program and workplace posters made employee "otherwise aware" of the 45-day requirement, quoting 29 C.F.R. § 1614.105(a)(2)); *Briley*, 172 F.3d at 570-71 (relying on, among other facts, posters and notes on the employee bulletin board in break room).

Neither equitable estoppel nor equitable tolling saves Jenkins from her failure to timely contact an EEO counselor.  The district court properly dismissed her case.

* * * * * * *

The judgment of the district court is affirmed.

_____