FILED
United States Court of Appeals
Tenth Circuit

December 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD DUMAS,

       Plaintiff–Appellant,

v.

THE PROCTOR AND GAMBLE
MANUFACTURING COMPANY,

       Defendant–Appellee.

No. 11-3280
(D.C. No. 2:11-CV-02343-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Richard Dumas, proceeding pro se, appeals the dismissal of his workplace

discrimination suit against Proctor and Gamble ("P&G"). Because the district court

properly found that Dumas failed to timely exhaust his administrative remedies, we

exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

_____

    [*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

Dumas was employed as a contractor by LaCosta, Inc. ("LaCosta") and assigned to work at P&G's Kansas City manufacturing plant starting in 2005. Between 2005 and 2007, Dumas alleges that he was subjected to discrimination in the workplace, including the use of racial epithets, misuse of company disciplinary proceedings, and an incident in which a chair was pulled away as Dumas was attempting to sit on it. Dumas resigned in November of 2007.

At some point in 2010 or 2011, Dumas filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory workplace practices by P&G. In March of 2011, the EEOC closed Dumas' file because his charge was not timely. Dumas subsequently filed a complaint in district court against P&G for discrimination based on race, gender, and disability.

P&G moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) because Dumas failed to timely exhaust his administrative remedies. In response, Dumas indicated that his EEOC charge was untimely because he relied on the incorrect advice of an unnamed EEOC agent. The district court concluded that Dumas failed to meet the narrow requirements for equitable tolling and dismissed the claim.

**II**

Exhaustion of administrative remedies is required before instituting a federal action under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities

Act.[1] See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1309-10 (10th Cir. 2005). Specifically, a plaintiff must file a claim with the EEOC within 300 days of the discriminatory conduct before bringing a civil suit. Croy v. Cobe Labs., Inc., 345 F.3d 1199, 1202 (10th Cir. 2003). This requirement, however, is not jurisdictional, and is therefore subject to waiver, estoppel, and equitable tolling. Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1174-75 (10th Cir. 1998).

Because Dumas waited several years after he resigned before filing an EEOC charge against P&G, there is no question that Dumas' charge was untimely. Accordingly, dismissal of Dumas' federal claims is appropriate unless he meets the standard for equitable tolling. We will only equitably toll statutes of limitation in this context if the circumstances "rise to the level of active deception," such as when "a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts." Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (quotation omitted). Dumas contends that he filed a timely EEOC charge against LaCosta and was informed by an EEOC agent that he could not file a charge against P&G until his charge against LaCosta was resolved. If true, these allegations would likely qualify as active deception and allow for equitable tolling. See, e.g., Gray v. Phillips Petrol. Co., 858 F.2d 610, 616 (10th Cir. 1988) (permitting equitable tolling based on confusion surrounding the

---

[1] Dumas did not identify a statutory basis for his suit. The district court concluded that it fell under either of these two statutes, and Dumas has not objected to that conclusion.

EEOC's scheduling of a meeting); Martinez v. Orr, 738 F.2d 1107, 1112 (10th Cir. 1984) (equitable tolling appropriate because of misleading EEOC notice).

However, Dumas has failed to carry his burden of establishing that an EEOC agent actually misled him. See Jenkins v. Mabus, 646 F.3d 1023, 1027-28 (8th Cir. 2011) (plaintiff bears the burden of establishing sufficient grounds for equitable tolling). The only reference to the alleged deception by the EEOC came in two sentences of Dumas' response to P&G's motion to dismiss. No further information is offered indicating when the deceptive statement was made or which agent made it. Moreover, Dumas does not offer any evidence that he filed an EEOC charge against LaCosta, which would provide necessary context to the alleged misinformation. Without more, Dumas' bare allegation is insufficient to warrant equitable tolling.

### III

Dumas further argues the district court erred in failing to address his state law claims of aggravated assault and battery. Although a district court is required to liberally interpret pro se filings, it should not "assume the role of an advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In his complaint, Dumas stated that he was "hurt by other worker [sic] while working." This sentence was included in a list of conduct that otherwise amounted to workplace discrimination, and the district court interpreted that statement as referring to Dumas' discrimination claim. No specific state law claims were invoked in the complaint and Dumas did not address any such claims in response to P&G's motion to dismiss. Given these facts, it is clear

that Dumas did not adequately plead any state law claim. Because Dumas did not sufficiently present these claims below, we cannot review them on appeal. <u>See</u> <u>Turner v. Pub. Serv. Co. of Colo.</u>, 563 F.3d 1136, 1143 (10th Cir. 2009).

## IV

We **AFFIRM** the district court.


Entered for the Court


Carlos F. Lucero
Circuit Judge