# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICKEY KRAUS,
                  *Plaintiff-Appellant,*

          v.

PRESIDIO TRUST FACILITIES
DIVISION/RESIDENTIAL MANAGEMENT
BRANCH,
                  *Defendant-Appellee.*

No. 07-17177

D.C. No.
CV-06-04667-CRB

OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 16, 2009
San Francisco, California*

Filed July 23, 2009

Before: Dorothy W. Nelson, Marsha S. Berzon and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Berzon

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

**COUNSEL**

John L. Taylor, Law Offices of John L. Taylor, San Francisco, California, for the plaintiff-appellant.

Katherine Burke Dowling, Joseph Russoniello, and Joann M. Swanson, Office of the U.S. Attorney, San Francisco, California, for the defendant-appellee.

---

**OPINION**

BERZON, Circuit Judge:

Vickey Kraus, a federal employee, brought suit against her employer, the Presidio Trust Facilities Division ("Presidio Trust"), under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973, accusing the Presidio Trust of various acts of employment discrimination and retaliation. The district court granted summary judgment for the Presidio Trust, and Kraus appealed.

In this opinion, we review the district court's holding that Kraus failed to satisfy the administrative exhaustion requirement as to several of her claims, rendering those claims subject to dismissal. For the reasons explained below, we

conclude that the district court failed to apply the correct legal standard in its exhaustion analysis and so reverse and remand.[1]

## I. Background

According to her complaint, Kraus is African American, female, a lesbian, and an individual disabled due to dyslexia, emotional distress, anxiety, depression, a back injury with sciatica, and brain damage caused by lead poisoning. Kraus was employed by the Presidio Trust as a maintenance inspector from 1998 until at least October 2007. She alleges that she was discriminated against on various occasions because of her race, gender, sexual orientation, and disabilities,[2] and was retaliated against on the basis of her participation in the discrimination complaint process.

On May 19, 2003, Kraus filed her first equal employment opportunity (EEO) complaint with the Presidio Trust, alleging three distinct instances of employment discrimination and retaliation in connection with her attempts to gain access to an employee vanpool program, all the members of which were male.[3] An administrative judge heard Kraus's case and granted the Presidio Trust's motion for summary judgment as to all three claims. The Presidio Trust later adopted the administrative judge's decision as its own.

Kraus appealed the Presidio Trust's final decision to the Office of Federal Operations (OFO) of the Equal Employment Opportunity Commission (EEOC) pursuant to 29 C.F.R.

---

[1]In a separate memorandum disposition filed concurrently with this opinion, we affirm the district court's holdings as to Kraus's other claims.

[2]The district court did not consider any of Kraus's sexual orientation discrimination claims, focusing instead on race and gender. Kraus does not raise sexual orientation discrimination on appeal.

[3]This complaint was combined and treated as one with a previous complaint Kraus had filed on March 21, 2003. Following the district court, we refer to this consolidated complaint as Kraus's "first EEO complaint."

§ 1614.108(g). On May 31, 2005, while that appeal was still pending, Kraus filed a second EEO complaint with the Presidio Trust. This second complaint contained the following allegations, some of which overlapped with those in her first complaint:

(1) that the Presidio Trust's EEO Officer, Deborah Zipp, mishandled Kraus's vanpool-related complaints in April 2001;

(2) that Kraus was discriminatorily denied access to the vanpool from December 2001 to December 2002;

(3) that in December 2002, supervisor Mark Feickert made racist remarks about Mexicans being "better laborers" than African Americans to James Beeson, an African American friend of Kraus's whom Kraus had referred to Feickert for a job interview;

(4) that on Kraus's performance evaluation for the year 2002, supervisor Stephen Potts unfairly rated her "communication and teamwork" skills as a "3" ("fully successful") instead of a "4" (between "fully successful" and "outstanding");

(5) that Zipp falsely accused Kraus of sexually harassing a female co-employee in February 2003;

(6) that in March 2003, Zipp assigned Kraus's case to a contract EEO counselor rather than to the Presidio Trust's permanent counselor Carolyn Provost;

(7) that in April 2003, Rosa Medina, Kraus's co-worker, made unspecified "rude, misleading, and insensitive comments" to her;

(8) that in February 2004, maintenance supervisor Tom Blean relocated Kraus's male coworkers to a

new workspace in a different building, but left Kraus behind;

(9) that in February 2004, Blean refused to allow Kraus to act as maintenance supervisor in his absence, even though he had previously promised that she and her two co-employees would take turns filling his position;

(10) that in June 2004, Blean criticized Kraus for submitting too many work orders;

(11) that in August 2004, during a mid-year review, Blean criticized Kraus for bringing down the department's morale;

(12) that in August 2004 and January 2005, Blean and manager Steve Bueno failed to appraise Kraus's performance as required by the department's policy;

(13) that Blean rated Kraus's quality of work as a "2" on her 2004 yearly performance appraisal, which she was later told would prevent her from receiving a cost of living allowance pay increase; and

(14) that in September 2004, Feickert falsely accused Kraus of sexual harassment.

On November 30, 2005, the Presidio Trust accepted for investigation four of the claims in Kraus's second EEO complaint, requested additional information regarding one claim before deciding whether to investigate, and dismissed the rest of the claims. Then, on May 2, 2006, Kraus received notice of the OFO's final decision as to her first EEO complaint, affirming the Presidio Trust in full.

Kraus next filed a timely civil action in federal court, pursuant to 42 U.S.C. § 2000e-16(c). Her complaint made all the

same allegations that appeared in her first and second EEO complaints, as well as several new allegations. On the Presidio Trust's motion, the district court entered summary judgment for the Presidio Trust.

In the memorandum disposition filed simultaneously with this opinion, we affirm the district court's grant of summary judgment as to several of Kraus's claims, holding that Kraus failed to make a prima facie showing of discrimination or retaliation as to some claims, that she failed to show the existence of any issue of material fact regarding the Presidio Trust's proffered non-discriminatory reasons for Kraus's poor ratings in her 2004 performance appraisal, and that she waived other claims before the agency or impermissibly raised them for the first time in her federal complaint. In this opinion, we consider the district court's holding as to the remainder of Kraus's claims: claims (3), (5), (7), (8), (9), (10), (11), (12), and (14).[4]

With respect to these claims, the district court held that Kraus had failed to contact an EEO counselor within 45 days of the alleged discrimination as required by 29 C.F.R. § 1614.105(a)(1), and so the claims were unexhausted and had to be dismissed. The district court's exhaustion holding turns on a question of law previously undecided in this circuit, namely, whether a federal employee seeking to proceed under Title VII must contact a person with the job title "Counselor" to exhaust her claims of employment discrimination, or whether contacting certain other government employees can suffice.

---

[4]In other words, the district court's exhaustion ruling — which is the subject of this opinion — applies to the claims raised in Kraus's second EEO complaint except for claims (1), (4), and (6) (which were redundant with the claims from the first EEO complaint), claim (2) (the vanpool claim), and claim (13) (the 2004 performance appraisal claim). Those claims are covered in the separate memorandum disposition.

We have jurisdiction over Kraus's appeal under 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*, determining "whether, viewing all evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). The question whether a claim was properly exhausted is also reviewed *de novo*. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006).

## II. Discussion

**[1]** In 1972, Congress amended Title VII of the Civil Rights Act of 1964 to extend its coverage to federal employees. As amended, § 717 of the Civil Rights Act, codified at 42 U.S.C. § 2000e-16, "provides that all personnel actions affecting federal employees and applicants for federal employment shall be made free from any discrimination based on race, color, religion, sex, or national origin," and "establishes an administrative and judicial enforcement system." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-30 (1976) (internal quotation marks omitted). As *Brown* explained, Title VII "permits an aggrieved [federal] employee to file a civil action in a federal district court," but first, as a "precondition[ ]" to filing, "the complainant must seek relief in the agency that has allegedly discriminated against him." *Id*. at 832; *see also* 42 U.S.C. § 2000e-16(c).

Kraus did seek administrative relief as to the claims relevant here, by filing a formal EEO complaint with the Presidio Trust. The question before us is whether, before filing her EEO complaint, she contacted an EEO counselor within 45 days of each alleged discriminatory event.

**[2]** This pre-filing exhaustion requirement does not appear in the statute. Rather the statute authorizes the EEOC to "issue such rules, regulations, orders and instructions as it

deems necessary and appropriate to carry out its responsibilities under this section." 42 U.S.C. § 2000e-16(b). Pursuant to this authority, the EEOC issued a regulation providing that "[a]ggrieved persons . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter[,]" 29 C.F.R. § 1614.105(a), and that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." *Id.* § 1614.105(a)(1).

**[3]** The regulations further provide that an employee's failure to initiate contact with an EEO Counselor within 45 days is grounds for the dismissal of her EEO complaint, *see id.* § 1614.107(a)(2), although "[t]he time limits in this part are subject to waiver, estoppel and equitable tolling." *Id.* § 1614.604(c). Similarly, although the regulatory pre-filing exhaustion requirement at § 1614.105 "does not carry the full weight of statutory authority" and is not a jurisdictional prerequisite for suit in federal court, we have consistently held that, absent waiver, estoppel, or equitable tolling, "failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim" in federal court. *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002); *see also Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (per curiam); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985).[5]

Kraus has not argued that waiver, estoppel, or equitable tolling applies to excuse her from compliance with § 1614.105. The question whether claims (3), (5), (7), (8), (9), (10), (11), (12), and (14) are exhausted therefore depends solely upon whether she "initiate[d] contact with a Counselor

---

[5]At the time *Johnson* and *Boyd* were decided, the regulation required an employee to seek EEO counseling within 30 days of the discriminatory event. *See* former 29 C.F.R. § 1613.214 (1991); 52 Fed. Reg. 41920-01, 41922 (1987). The limitations period was extended to 45 days in 1992. *See* 57 Fed. Reg. 12634-01, 12648 (1992).

within 45 days of the date of [each] matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1).

Kraus maintains that she satisfied the regulation because, "[f]or each claim identified by Defendants regarding failure of me to exhaust my administrative remedies, I complained the same day or the following day . . . to the EEO officer." The "EEO officer" to whom Kraus refers is Deborah Zipp, the Presidio Trust's designated EEO Officer. The district court found that Zipp is not a "Counselor," and the record supports that characterization. According to Kraus's declaration, "the only [permanent] EEO counselor at the [Presidio Trust]" is Carolyn Provost; additionally, Linda Semi, to whom Kraus was assigned for the preparation of her second EEO complaint, is a contract counselor.

The district court concluded that Kraus's contacts with Zipp were not sufficient to exhaust her administrative remedies. The court explained that Kraus had cited no case law supporting her claim that contacting an "officer" is equivalent to contacting a "counselor" for purposes of 29 C.F.R. § 1614.105. Because Kraus did not contact Semi or Provost, the EEO counselors, regarding the incidents included in her second EEO complaint until February 24, 2005, which was more than 45 days after the incidents had occurred, the district court held those claims were unexhausted and granted summary judgment for the Presidio Trust. In so ruling, the district court overlooked — albeit understandably, as the parties were not helpful in this regard — a considerable body of relevant agency interpretation.

**[4]** The EEOC has long and consistently adhered to an interpretation of 29 C.F.R. § 1614.105 that "a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with *any agency official logically connected with the EEO process*, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process." EEOC Management Directive 110, at ch. 2, § I.A n.1, 1999

WL 33318588 (Nov. 9, 1999) (emphasis added); *see also Osuagwu v. Peake*, EEOC Dec. 0120081307, 2008 WL 2264405, at *1 (EEOC May 20, 2008) (same); *Kinan v. Cohen*, EEOC Dec. 01981121, 1999 WL 320546, at *2 (EEOC May 6, 1999) (same); *Floyd v. Temple*, EEOC Dec. 01882317, 1989 WL 1006770, at *3 (EEOC June 22, 1989) (same). Agency decisions implementing EEOC Management Directive 110 demonstrate that the EEOC understands the category of "agency official[s] logically connected with the EEO process" to encompass EEO personnel in positions with a variety of titles other than "Counselors," including EEO "officers" like Zipp.[6] In fact, even contact with certain agency officials who are not EEO personnel has been held sufficient to satisfy the regulation's "contact with a Counselor" requirement, provided they are found to be "logically connected to the EEO process" within the agency. *See, e.g.*, *Duke v. Slater*, EEOC Dec. 01A02129, 2000 WL 732027, at *1 (EEOC May 22, 2000) (holding that a letter sent to the Regional Director of the Department of Transportation's Office of Civil Rights qualified as initiating contact).

---

[6]In fact, the EEOC's decisions interpreting the regulatory exhaustion requirement frequently make no distinction between EEO "officers" and EEO "counselors." *See, e.g.*, *Stanley v. Ashcroft*, EEOC Dec. 01A31053, 2004 WL 321206, at *3 (EEOC Feb. 12, 2004) (assuming that contact with an "EEO Officer" would satisfy the exhaustion requirement, but holding that the employee had not produced sufficient evidence that he made such contact in a timely manner); *Hardy v. Danzig*, EEOC Dec. 01981978, 1999 WL 91396, at *1 (EEOC Feb. 12, 1999) (holding that if the employee's initial contact with a "Deputy EEO Officer" occurred, as alleged, "on March 24, 1997, then [his] allegations . . . were timely raised with an EEO Counselor[,]" and remanding for factual development). *See also Waldrup v. Brownlee*, EEOC Dec. 01A43725, 2005 WL 123294, at *3 (EEOC Jan. 14, 2005) (holding that contact with an "EEO Specialist" satisfied the exhaustion requirement); *Clevenger v. Danzig*, EEOC Dec. 01985794, 2000 WL 270449, at *2 (EEOC Feb. 29, 2000) (holding that "the former Deputy EEO Director[ ] [was] a person who can be considered logically connected to the EEO process" for purposes of the exhaustion requirement).

Relying on EEOC Management Directive 110 and the EEOC's case law, the Eighth Circuit recently deferred to the agency's interpretation of 29 C.F.R. § 1614.105 in *Culpepper v. Schafer*, 548 F.3d 1119 (8th Cir. 2008). *Culpepper* held that an employee of the U.S. Department of Agriculture who sent letters to the Director of the USDA's Office of Civil Rights satisfied the regulation, because the Director is "logically connected with the EEO process": "Indeed, we cannot think of an official in the USDA — except for an EEO counselor — who is more closely connected with the EEO process than the Director of the USDA's Office of Civil Rights." *Id.* at 1122-23.

**[5]** Like the Eighth Circuit, we conclude that the EEOC's interpretation merits deference. An agency's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks and citation omitted). The EEOC's interpretation of 29 C.F.R. § 1614.105 is neither.

**[6]** Indeed, it makes good sense to interpret "contact with a Counselor" pragmatically, to include contact with agency officials with EEO counseling responsibilities or a connection to the counseling process, without attributing dispositive significance to the officials' job titles. We have previously recognized that in the federal employee context, as for private employees, "the purpose of Title VII's exhaustion requirements . . . is to provide [agencies with] an opportunity to reach a voluntary settlement of . . . employment discrimination dispute[s]" through informal processes before resorting to the formal EEO complaint process. *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (internal quotation marks and citation omitted). Generally speaking, administrative exhaustion

> is a practical and pragmatic doctrine that must be tailored to fit the peculiarities of the administrative system Congress has created. Exhaustion under Title

VII . . . is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary . . . . Congress never, however, wanted the exhaustion doctrine to become a massive procedural roadblock to access to the courts.

*Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985) (internal quotation marks and citations omitted). Title VII's goal of facilitating the informal resolution of complaints where possible requires that its "procedural requirements are neither interpreted too technically nor applied too mechanically" by the courts. *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) (internal quotation marks and citation omitted). The EEOC's pragmatic interpretation of 29 C.F.R. § 1614.105 comports with this goal of encouraging informal settlement without imposing an unduly rigid or formalistic procedural hurdle on injured employees seeking redress. *See also Klugel v. Small*, 519 F. Supp. 2d 66, 72 (D.D.C. 2007) (deferring to the EEOC's interpretation of 29 C.F.R. § 1614.105, and reasoning that a narrower reading "would inappropriately turn the informal counseling requirement into an unwarranted procedural hurdle").

Deferring to the EEOC's interpretation, and taking as true Kraus's assertion that she contacted Officer Zipp about each instance of discrimination within one day of its occurrence,[7]

---

[7]Because the district court reached its conclusion on a motion for summary judgment, it was required — as are we — to construe the facts in the record in the light most favorable to Kraus. *See Whitman*, 541 F.3d at 931. It does not matter at this stage that Kraus offered the district court only a "bald[ ] state[ment]" about her contacts with Zipp without any evidence to corroborate her statement. Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies "is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). The Presidio Trust offered no evidence to suggest that Kraus did not contact Zipp as she says she did.

we reverse the district court's grant of summary judgment. Despite the fact that her job title is not "Counselor," the record shows that Officer Zipp facilitates contact between the Presidio Trust's employees and EEO counselors and advises employees about the EEO complaint process. She is thus clearly connected to the EEO process, and, indeed, is a "counselor" within any ordinary meaning of the term, whatever the job title.[8]

We do not decide whether, in contacting Zipp, Kraus "exhibit[ed] an intent to begin the EEO process." Management Directive 110, at ch.2, § I.A n.1; *see also Osuagwu,* 2008 WL 2264405, at *1. On remand, the district court should decide this question in the first instance. If Kraus did exhibit such an intent — again, assuming her assertions are true — she will have satisfied 29 C.F.R. § 1614.105's requirement that she "initiate contact with a Counselor within 45 days." 29 C.F.R. § 1614.105(a)(1).

## III.   Conclusion

[7] In sum, we hold that the district court used an incorrect legal standard in deciding that Kraus failed to satisfy 29 C.F.R. § 1614.105's administrative exhaustion requirement as to claims (3), (5), (7), (8), (9), (10), (11), (12), and (14). Fol-

---

[8]Our decision in *Johnson v. Henderson*, 314 F.3d 409 (9th Cir. 2002), is not to the contrary. *Johnson* held that a plaintiff 's averment that "she complained regularly to her supervisors about the harassing conduct, thus complying with [the Postal Service]'s 'Zero-Tolerance Policy' for sexual harassment," was not by itself sufficient to show she had "initiate[d] contact" as the regulation requires. 314 F.3d at 415. *Johnson*'s holding is consistent with the EEOC's position that "neither internal appeals, nor informal efforts to challenge an agency's adverse action" satisfies the requirement of "exhibiting an intent to begin the EEO process" as required by EEOC Management Directive 110, at ch. 2, § I.A n.1. *See Penn v. Geren*, EEOC Dec. 0120082927, 2008 WL 5479277, at *2 (EEOC Dec. 10, 2008). To satisfy the regulation, the employee must contact an official who is logically connected with the EEO process, and the employee's complaints must exhibit an intent to start the EEO process.

lowing the EEOC's interpretation of the regulation, we hold that EEO officer Zipp is an "agency official logically connected with the EEO process." Management Directive 110, at ch.2, § I.A n.1. The question remains whether, in contacting her, Kraus "exhibit[ed] an intent to begin the EEO process." *Id.* We remand to the district court to answer this question in the first instance, after such briefing, argument, and discovery it considers necessary.[9]

For the foregoing reasons, we **REVERSE** and **REMAND** to the district court for proceedings consistent with this opinion.

---

[9]The district court may determine on remand that it need not reach that question. Summary judgment on many or all of the claims addressed here may be merited on other bases — if, for example, the district court determines that Kraus has failed to make a prima facie showing of discrimination or retaliation. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).