**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER HO,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>PATRICK DONAHOE,<br><br>            Defendant - Appellee. | No. 10-15373<br><br>D.C. No. 3:09-cv-01600-MEJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted July 12, 2011[***]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

     Jennifer Ho appeals pro se from the district court's summary judgment in

her employment action against the United States Postal Service.  We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

     [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1042-43 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Ho failed to raise a genuine dispute of material fact as to whether she complied with the administrative exhaustion requirement of timely contacting an Equal Employment Opportunity ("EEO") counselor. *See* 29 C.F.R. § 1614.105(a) (prior to filing an employment discrimination lawsuit, a federal employee must initiate contact with an EEO counselor within forty-five days of the alleged discriminatory act); *see also Kraus*, 572 F.3d at 1043 (failure to comply with forty-five-day EEO contact requirement is "'fatal to a federal employee's discrimination claim' in federal court" absent waiver, estoppel, or equitable tolling) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)).

Ho's remaining contentions are unpersuasive.

Ho's "Motion for Granting Appellant's Appeal" and "Motion for Case Decision" are denied as moot.

**AFFIRMED.**