FILED

MAR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAUREEN UCHE-UWAKWE, | No. 10-55708 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-00983-VAP-OP |
| v. | |
| R. JAMES NICHOLSON, Secretary of Veteran Affairs; BRIAN KAWAHARA; CHI-LEUG CHAN, also known as Roy Chan, AKA Roy Chan; ELISA ALMERA, | MEMORANDUM[*] |
| Defendants - Appellees., | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 17, 2011
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Maureen Uche-Uwakwe (Uche-Uwakwe) alleges that she was

discriminated against based on her race while working as a pharmacist for a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

medical center operated by Appellee Secretary of Veterans Affairs. Uche-Uwakwe challenges the district court's order granting Appellees' motion for summary judgment and dismissing her complaint with prejudice.

The district court acted within its discretion in *sua sponte* excluding evidence submitted for summary judgment that was not properly authenticated, with two exceptions. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-33 (9th Cir. 2011). First, the district court abused its discretion in excluding the Equal Employment Opportunity (EEO) testimony of the VA Center's EEO Manager, Sam Maze, and the VA Center's Employee Relations Specialist, Greg Underwood, because they were signed by each witness and included a certification that complied with the requirements of 28 U.S.C. § 1746(2).

Second, the district court abused its discretion in excluding the EEO records submitted with a declaration from Underwood because, as an employee in the Human Resources Department, Underwood had sufficient familiarity and understanding of the records to authenticate them. *See* Fed. R. Evid. 803(6); *see also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773-74 & n.8 (9th Cir. 2002), *as amended*.

Considering the admissible evidence, Uche-Uwakwe failed to raise a material issue of fact regarding her prima facie case for failure to promote because

2

she offered no evidence concerning the identity of the person who was chosen to fill the position. *See Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Uche-Uwakwe also failed to raise a material issue of fact regarding her hostile work environment claim because the actions alleged were not sufficiently severe or pervasive. *See, e.g., Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1031, 1037 (9th Cir. 1990); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-44 (9th Cir. 2004), *as amended*; *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1106-07, 1110-11 (9th Cir. 2000).

However, Uche-Uwakwe's statements did raise a material issue of fact regarding her prima facie case of disparate treatment because she avowed in her deposition that others engaged in conduct that she was accused of, and yet did not receive multiple Reports of Contact (ROCs) or a formal reprimand from the Chief Pharmacist. *See Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Uche-Uwakwe also presented sufficient admissible evidence to raise a material issue of fact regarding her retaliation claim, based primarily on the temporal relationship between the time she sought EEO counseling or filed an EEO complaint and the receipt of ROCs and reprimands. *See Dawson v. Entek International*, 630 F.3d 928, 937 (9th Cir. 2011).

3

In addition, Uche-Uwakwe proffered sufficient direct and circumstantial evidence, including a supervisor's statement that Nigerians are "stubborn and inflexible" and the evidence supporting her retaliation claim, to raise an issue of material fact as to pretext. *See Vasquez*, 349 F.3d at 642. She also exhausted her administrative remedies as to her surviving claims. *See* 29 C.F.R. § 1614.105(a)(1); *see also Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044-45 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Costs are awarded to plaintiff.

Uche-Uwakwe v. Nicholson, 10-55708

GOODWIN, Circuit Judge, dissenting:

I  respectfully dissent.  Even if we consider the evidence that the district court improperly excluded, Uche-Uwakwe has not raised a genuine issue of material fact that she suffered an adverse employment action.

I agree with the majority that the district court should have considered the Maze and Underwood affidavits and the EEO records that were authenticated by Greg Underwood.  I also agree with the majority that, even after considering the additional evidence, summary judgment was proper on Uche-Uwakwe's Title VII claims for failure to promote and for hostile work environment.  I disagree, however, with the majority's analysis of the disparate treatment and retaliation claims.

A.  Disparate treatment

A prima facie case of disparate treatment under Title VII requires the plaintiff to show that "(1) he belonged to a protected class; (2) he was qualified for his job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment." *Anthoine v. N. Central Counties Consortium*, 605 F.3d 740, 753 (9th Cir. 2010).[1]

---

[1] For other cases that discuss the four-element test for a disparate treatment claim, see *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1123 (9th Cir.

Uche-Uwakwe has not alleged an adverse employment action. "[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and alterations omitted). "Among those decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for a promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). On the other hand, "we have held that declining to hold a job open for an employee and badmouthing an employee outside the job reference context do not constitute adverse employment actions." *Id.* at 929.

The majority concludes that the reports of contact and the formal reprimand letter from the Chief Pharmacist, Dr. Brian Kawahara, qualify as adverse employment actions, but I disagree.

**1. Reports of contact**

Between January 3, 2002, and June 24, 2004, coworkers, doctors, and

2009); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002); *Chuang v. Univ. of Cal.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

patients filed thirty formal reports of contact against Uche-Uwakwe for what they claimed to be disrespectful or unprofessional behavior.[2]

Uche-Uwakwe has not presented any evidence that those reports of contact affected the compensation, terms, conditions, or privileges of employment. *See Davis*, 520 F.3d at 1089. She has also not presented any evidence that those reports of contact were disseminated, that they were undeserved, or that her employer encouraged employees to file them. *See Brooks*, 229 F.3d at 928. Therefore, the reports of contact do not qualify as an adverse employment action.

**2. The reprimand letter**

On August 26, 2004, after the thirty reports of contact had been filed, Dr. Brian Kawahara issued a letter titled "Notice of Proposed Reprimand" to Uche-Uwakwe.[3] The letter discussed several specific incidents in which Uche-Uwakwe was alleged to have acted unprofessionally or disrespectfully. Dr. Kawahara met with Uche-Uwakwe, read the letter to her, gave her two copies, let her read the letter, and asked her to sign and date it.[4] They did not discuss the matter, and the meeting was adjourned.

Uche-Uwakwe has not presented any evidence that this reprimand letter

---

[2] II ER 190-223.

[3] II ER 180-83.

[4] II ER 67-68.

affected the compensation, terms, conditions, or privileges of her employment, *see Davis*, 520 F.3d at 1089, or that the letter was disseminated or undeserved, *see Brooks*, 229 F.3d at 928-29. Accordingly, the reprimand letter does not qualify as an adverse employment action.

## B. Retaliation

To establish a prima facie case of retaliation, the employee must show (1) that she engaged in a protected activity, (2) that she was subsequently subjected to an adverse employment action, and (3) that a causal link exists between the two events. *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).

The majority again determines that the reports of contact and the reprimand letter qualify as adverse employment actions. For the reasons stated above, I do not agree that those actions are adverse employment actions.

I respectfully dissent and would affirm summary judgment on all claims.

4