MEMORANDUM *
Appellant Maureen Uche-Uwakwe (Uche-Uwakwe) alleges that she was discriminated against based on her race while working as a pharmacist for a medical center operated by Appellee Secretary of Veterans Affairs. Uche-Uwakwe challenges the district court’s order granting Appellees’ motion for summary judgment and dismissing her complaint with prejudice.
The district court acted within its discretion in sua sponte excluding evidence submitted for summary judgment that was not properly authenticated, with two exceptions. See Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-33 (9th Cir. 2011). First, the district court abused its discretion in excluding the Equal Employment Opportunity (EEO) testimony of the VA Center’s EEO Manager, Sam Maze, and the VA Center’s Employee Relations Specialist, Greg Underwood, because they were signed by each witness and included a certification that complied with the requirements of 28 U.S.C. § 1746(2).
Second, the district court abused its discretion in excluding the EEO records submitted with a declaration from Underwood because, as an employee in the Human Resources Department, Underwood had sufficient familiarity and understanding of the records to authenticate them. See Fed.R.Evid. 803(6); see also Orr v. Bank of America, NT & SA, 285 F.3d 764, 773-74 & n. 8 (9th Cir.2002), as amended.
Considering the admissible evidence, Uche-Uwakwe failed to raise a material issue of fact regarding her prima facie case for failure to promote because she offered no evidence concerning the identity of the person who was chosen to fill the position. See Dominguez-Curry v. Nevada Transp. Dep’t, 424 F.3d 1027,1037 (9th Cir.2005). Uche-Uwakwe also failed to raise a material issue of fact regarding her hostile work environment claim because the actions alleged were not sufficiently severe or pervasive. See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1031,1037 (9th Cir.1990); see also Vasquez v. County of Los Angeles, 349 F.3d 634, 642-44 (9th Cir.2004), as amended; Kortan v. California Youth Auth., 217 F.3d 1104,1106-07,1110-11 (9th Cir.2000).
However, Uche-Uwakwe’s statements did raise a material issue of fact regarding her prima facie case of disparate treatment because she avowed in her deposition that others engaged in conduct that she was accused of, and yet did not receive multiple Reports of Contact (ROCs) or a formal reprimand from the Chief Pharmacist. See Hawn v. Exec. Jet Mgmt., 615 F.3d 1151, 1156 (9th Cir.2010). Uche-Uwakwe also presented sufficient admissible evidence to raise a material issue of fact regarding her retaliation claim, based primarily on the temporal relationship between the time she sought EEO counseling or filed an EEO complaint and the receipt of ROCs and reprimands. See Dawson v. Entek International, 630 F.3d 928, 937 (9th Cir.2011).
In addition, Uche-Uwakwe proffered sufficient direct and circumstantial evidence, including a supervisor’s statement that Nigerians are “stubborn and *547 inflexible” and the evidence supporting her retaliation claim, to raise an issue of material fact as to pretext. See Vasquez, 349 F.3d at 642. She also exhausted her administrative remedies as to her surviving claims. See 29 C.F.R. § 1614.105(a)(1); see also Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039,1044-45 (9th Cir.2009).
AFFIRMED in part, REVERSED in part, and REMANDED.
Costs are awarded to plaintiff.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.