**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| QUEEN ANNE PARK HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant - Appellee. | No. 12-36021<br><br>DC No. CV 11-01579 TSZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Before:    PREGERSON, TASHIMA, and MURGUIA, Circuit Judges.

Plaintiff-Appellant Queen Anne Park Homeowners Association (the

"HOA") appeals the district court's grant of summary judgment for Defendant-

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee State Farm Fire and Casualty Company ("State Farm"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2011, the HOA discovered decay in the layer of wallboard between the exterior siding and framing of its condominiums in Seattle, Washington. The HOA filed a claim with State Farm, which had insured the HOA's properties between 1992 and 1998. The HOA claimed that, while the policies were in effect, parts of the HOA's condominiums had "collapsed." The insurance policies provided coverage in the event parts of the condominium buildings "collapsed" as a result of "hidden decay," but the policies did not define "collapse." State Farm rejected the HOA's claim. The HOA then brought this action against State Farm for breach of contract, seeking a declaratory judgment of the parties' rights and obligations under the insurance policies.

During discovery, the HOA filed a Motion for Partial Summary Judgment to ascertain the meaning of "collapse" under Washington law. The district court ruled that "collapse" meant that the buildings, or parts of the buildings, were in imminent danger of falling down when the insurance policies were in effect. The district court then ordered the HOA to show cause why summary judgment should not be entered in favor of State Farm under this standard. Although the HOA contested the district court's definition of "collapse," it conceded that it could not

prove that there had been an imminent threat that any of its buildings would fall down in 1998 when its insurance policies expired, given that the condominiums were still standing in 2012. Accordingly, the district court granted summary judgment for State Farm and dismissed the action with prejudice.

The HOA appealed and we certified to the Washington Supreme Court the question of the meaning of "collapse" under Washington law. *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1235 (9th Cir. 2014). The Washington Supreme Court held that "collapse" meant the "substantial impairment of the structural integrity of a building or part of a building that renders such building or part of a building unfit for its function or unsafe." *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 352 P.3d 790, 791 (Wash. 2015) (en banc). Further, the court held that collapse "must be more than mere settling, cracking, shrinkage, bulging, or expansion." *Id.* at 792. We now review the district court's summary judgment ruling in light of the Washington Supreme Court's definition.

We review a "grant of summary judgment *de novo* determining whether, viewing all evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Kraus v. Presidio Tr. Facilities Div./Residential*

3

*Mgmt. Branch*, 572 F.3d 1039, 1042-43 (9th Cir. 2009) (internal quotation marks omitted). We may affirm a grant of summary judgment on any ground supported by the record. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014).

The HOA's last insurance policy with State Farm expired in 1998. The HOA has not pointed to any evidence that would allow a reasonable jury to find that parts of its condominiums "collapsed" over 17 years ago, given that the condominiums are still standing today. It is simply implausible that some walls of its condominiums became "unfit for [their] function or unsafe" in or before 1998. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009) (establishing plausibility pleading standard); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (same). Thus, even though the definition of "collapse" articulated by the Washington Supreme Court is different than the one the district court applied, we may affirm on any ground supported by the record. *Curley*, 772 F.3d at 631. Accordingly, we affirm the district court's order granting summary judgment for State Farm and dismissing the HOA's claims with prejudice.

**AFFIRMED.**