

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

GERALDINE PARKER,

        Plaintiff - Appellant,

  v.

ROBERT A. MCDONALD[*], Secretary of
Department of Veterans Affairs,

        Defendant - Appellee.

No. 14-55135

D.C. No. 2:13-cv-00723-JAK-PJW

MEMORANDUM[**]

---

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 15, 2016[***]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    Geraldine Parker appeals pro se from the district court's order dismissing her

---

    [*]    Robert A. McDonald has been substituted for his predecessor, Eric K. Shinseki, as Secretary of the Department of Veterans Affairs, under Fed. R. App. P. 43(c)(2).

    [**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employment action alleging violations of Title VII and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies. *Vinieratos v. United States*, 939 F.2d 762, 768 (9th Cir. 1991). We affirm.

The district court properly dismissed Parker's action because Parker failed to allege facts showing that she complied with the administrative exhaustion requirement of timely initiating contact with an Equal Employment Opportunity ("EEO") counselor. *See Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d. 1039, 1043 (9th Cir. 2009) (federal employee must initiate contact with an EEO counselor within forty-five days of alleged wrongful act, and failure to do so is fatal to a federal employee's claim in federal court absent waiver, estoppel or equitable tolling). Contrary to Parker's contention, Parker did not exhaust the claims in this action, which arose in 2012 and 2013, by filing an EEO complaint in 2011.

Because we affirm the district court's dismissal on the basis of failure to exhaust, we do not consider Parker's arguments regarding the merits of her claims.

**AFFIRMED.**