**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALINA KORSUNSKA, | No.    14-56668 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07010-CAS-AJW |
| v. | |
| KEVIN K. MCALEENAN[1], in his official capacity as Secretary, U.S. Department of Homeland Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 9, 2019
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[**] District Judge.

Plaintiff-Appellant Alina Korsunska appeals the district court's grant of

---

[1] Kevin K. McAleenan has been substituted for his predecessor, Kirstjen Nielsen, under Fed. R. App. P. 43(c)(2).

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

summary judgment on her claim alleging unlawful retaliation by her former

employer, the Department of Homeland Security ("DHS"), arising out of a

settlement agreement that required DHS to provide neutral references to potential

employers. Reviewing de novo, *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir.

2010), we affirm.

There is no genuine dispute of material fact that Korsunska failed to comply

with Title VII's 45-day claims-processing deadline applicable to federal

employees. *See* 29 C.F.R. § 1614.105(a)(1). An employee must contact a

designated counselor at her employing agency within 45 days of the agency's

allegedly wrongful action, *id.*, and failure to do so is "fatal" to an action on a

related claim in federal court. *Kraus v. Presidio Tr. Facilities Div./Residential

Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (quotation marks omitted).

Korsunska's first contact with a DHS equal employment opportunity

counselor in which she alleged retaliation came on July 8, 2011.[2] Therefore, in

order to be actionable, any wrongful conduct by DHS must have occurred no

earlier than May 24, 2011, 45 days before July 8, 2011.

The record reflects no genuine question that any conduct proscribed by Title

---

[2] Korsunska conceded before the district court that a letter she had previously sent to DHS in January 2011 expressing concern that it was not adhering to the settlement was "irrelevant" to the administrative processing of her claim.

2

VII occurred on or after May 24, 2011.  The actions at the core of Korsunska's claim—DHS's alleged failure to give neutral references to the reference-checking service Korsunska had hired—occurred in November 2010, well over 45 days before she contacted the counselor.  The Social Security Administration ("SSA") did notify Korsunska on May 27, 2011, that it declined to offer her a job to which she had applied.  But there is no evidence in the record suggesting that SSA checked Korsunska's references at all, or that it chose to deny Korsunska a position based on a non-neutral reference from DHS.  Even granting Korsunska the inferences that DHS gave a non-neutral reference and that SSA declined to hire her as a result, it is not reasonable to infer further that DHS did so on or after the May 24, 2011, cutoff date—just three days before SSA formally rejected Korsunska.

Korsunska forfeited any argument that equitable tolling should extend the 45-day limitations period by declining to raise that point in the district court.  *See Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009).

**AFFIRMED.**