**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel Arthur Afionyan; STATE OF CALIFORNIA, ex rel Arthur Afionyan,<br><br>        Plaintiffs,<br><br> and<br><br>ARTHUR AFIONYAN, relator,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.,<br><br>        Defendant-Appellee. | No.   18-55807<br><br>D.C. No.<br>2:16-cv-03268-JFW-KS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 22, 2019**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI,[***] Judge.

Plaintiff-Appellant Arthur Afionyan ("Afionyan") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Pedorthic Lab Specialist Custom Shoe Company ("PLS") on claims brought under the False Claims Act ("FCA") and the California False Claims Act ("CFCA"). The court reviews a grant of summary judgment de novo. *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1042 (9th Cir. 2009). A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We affirm.

PLS is a manufacturer of custom and prefabricated orthotics, shoes, and insoles. Afionyan is a former employee of PLS who asserts that the diabetic orthotics produced by PLS were not sufficiently personalized to meet Medicare's customization requirements. As a result, he says that PLS was causing claims to be unlawfully submitted to government-funded health insurance programs (such as, Medicare, Medicaid, and Medi-Cal).

---

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

To prove liability under the FCA in this case,[1] Afionyan must demonstrate that PLS "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval," or "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." *United States ex rel. Campie v. Gilead Scis.*, Inc., 862 F.3d 890, 898–99 (9th Cir. 2017) (quoting 31 U.S.C. § 3729(a)(1)(A–B)).

Regardless of whether Afionyan can satisfy the other elements of an FCA claim, he has not shown that a false claim was actually filed. Taking the evidence in the light most favorable to Afionyan, he has failed to "come to court with a claim in hand or with sufficiently detailed circumstantial evidence to establish that the defendant actually submitted a false claim." *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002). Afionyan offers no evidence of a claim and produces no "sufficiently detailed circumstantial evidence" to show that any client or consumer of PLS diabetic orthotics submitted a claim to Medicare or other relevant health insurance program. Because he cannot meet his burden, summary judgment in favor of PLS was appropriate.

For the foregoing reasons, the decision of the district court is hereby

**AFFIRMED.**

---

[1] The CFCA is based on the FCA and its elements are the same for the claims alleged. *See* Cal. Gov't Code § 12651(a)(1–2); *Laraway v. Sutro & Co.*, 116 Cal. Rptr. 2d 823, 831 (Ct. App. 2002).