NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TENE CARR, | No. 22-56135 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-09112-CBM-JEM |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted February 12, 2024
Pasadena, California

Before: TASHIMA, CALLAHAN, and JOHNSTONE, Circuit Judges.

Plaintiff-Appellant Tene Carr appeals the district court's orders granting the

government's motions to dismiss and for summary judgment, along with related

evidentiary rulings, in this action asserting unlawful employment discrimination

and retaliation by the Federal Bureau of Investigation ("FBI"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the determination that a claim is barred for failure timely to exhaust administrative remedies. *Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991). We likewise review de novo a district court's grant of summary judgment and may affirm on any ground supported by the record. *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021). A district court's evidentiary rulings on summary judgment are reviewed for abuse of discretion. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). We presume the parties' familiarity with the facts of the case and therefore repeat them here only to the extent necessary to resolve the issues raised on appeal.

**1.** The district court properly granted the government's motion to dismiss Plaintiff's claims arising from the workplace incidents that she alleged occurred before May 2015. Federal employees like Plaintiff must timely exhaust their administrative remedies before filing an employment discrimination suit against the government. 42 U.S.C. § 2000e–16(c). As Plaintiff acknowledges, one of the administrative time limits prescribed by Title VII's implementing regulations is that federal employees must contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct before filing a civil action. 29 C.F.R. § 1614.105(a)(1). "[A]bsent waiver, estoppel, or equitable tolling, failure to comply with this regulation is fatal to a federal employee's

2

discrimination claim." *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (cleaned up).

Because it was not until June 24, 2015, that Plaintiff contacted an EEO counselor regarding the conduct underlying this suit, her claims based on incidents occurring before May 10, 2015 (45 days prior) are time-barred. *See Lyons v. England*, 307 F.3d 1092, 1105, 1108 (9th Cir. 2002) (where plaintiff does not claim delayed awareness of the discriminatory nature of the conduct at issue, "we simply count backward 45 days from the[] initial contact with the EEO counselor").

Plaintiff has asserted no meaningful argument for waiver, estoppel, or equitable tolling of this mandatory deadline—either in the district court or on appeal. Instead, Plaintiff continues to press her theory that all of the adverse actions alleged in the First Amended Complaint were part of a continuing violation and were thus rendered timely by her termination, which occurred within 45 days of her EEO contact.[1] *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746–48 (9th Cir. 2019) (per curiam) (discussing the continuing violations doctrine).

---

[1] We reject the government's argument that Plaintiff waived the dismissal of her 2009–2014 claims by stipulating to strike those allegations and not including them in the subsequent complaint. That stipulation occurred *after* the district court had already dismissed those claims with prejudice so could not have forfeited Plaintiff's opposition to their dismissal.

To successfully invoke the continuing violations doctrine, Plaintiff would have to allege hostile work environment claims, whose "very nature involves repeated conduct" since "a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002); *see Bird*, 935 F.3d at 748. Plaintiff argues that the alleged incidents leading up to her 2015 termination, including being denied a change of workstation, having her performance ratings reduced, and receiving more difficult work assignments, amount to a hostile work environment claim. However, the district court correctly concluded that Plaintiff in fact alleged only a series of *discrete* acts of discrimination. *See Morgan*, 536 U.S. at 113, 115 (distinguishing hostile environment claims from claims based on "discrete discriminatory acts" which are actionable immediately upon their occurrence). Plaintiff cannot transform a set of discrete acts into a hostile work environment claim simply by calling the adverse actions "harassment."

Accordingly, we affirm the district court's dismissal of Plaintiff's pre-2015 claims because they were not timely exhausted under § 1614.105(a)(1). This leaves two timely exhausted adverse actions that could form the basis of Plaintiff's discrimination and retaliation claims: (a) her 2015 termination, and (b) the FBI's failure to respond to her request for outside-employment authorization while disciplinary action was pending. Plaintiff argues both actions constituted

4

retaliation under Title VII, and that her termination constituted race and sex discrimination under Title VII as well as disability discrimination under the Rehabilitation Act of 1973. Like the district court, we reject these arguments.

**2.** The district court properly granted summary judgment for the government on Plaintiff's Title VII discrimination claims. In granting summary judgment, the district court—erroneously, according to Plaintiff—excluded much of the evidence Plaintiff submitted in opposition. We need not decide whether the district court's evidentiary rulings were an abuse of discretion because, even considering all of Plaintiff's proffered evidence, there was insufficient evidence from which a jury could conclude that her termination for lack of candor, in violation of FBI Offense Code 2.6, was pretext for race or sex discrimination.

We assume, without deciding, that Plaintiff established a prima facie case of race and sex discrimination. However, the government produced evidence that Plaintiff was terminated for a legitimate, nondiscriminatory reason: making false statements under oath, the mandatory penalty for which is termination. And Plaintiff has not raised a triable issue of material fact as to whether the government's reason was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000) (discussing *McDonnell Douglas* burden shifting). Plaintiff did not offer any direct evidence that the Assistant Director of the FBI's

Office of Professional Responsibility ("OPR") who terminated her was motivated to do so by discriminatory intent. Further, even construing the facts in the light most favorable to her, Plaintiff did not offer any "specific and substantial" circumstantial evidence that race or sex discrimination was the true reason for her termination. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

First, none of the four White, male comparators Plaintiff identified were similarly situated to Plaintiff in all material respects. *See Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (Title VII plaintiff relying on comparator evidence "must identify employees outside her race and sex who were similarly situated to her 'in all material respects' but who were given preferential treatment" (quoting *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009))). Comparators Rogero, DeVecchio, and Leighton are not similarly situated to Plaintiff because they were not found to have lied under oath in violation of FBI Offense Code 2.6, as Plaintiff was found to have done. *See Vasquez*, 349 F.3d at 641 (finding employee not similarly situated because she "was not involved in the same type of offense as Vasquez"). Even if a jury could reasonably view these agents' conduct as worse than Plaintiff's, Plaintiff proffered no evidence that whatever Code violations these agents may have been charged with carried a mandatory penalty of termination like Section 2.6 does. Nor could a jury find comparator Malone similarly situated to Plaintiff because, even accepting

6

he testified falsely in multiple criminal cases without reprimand, the only evidence in the record shows his lying and the need for discipline was not discovered until some 13 years after the fact, by which point discipline was "preclude[d]." Thus, Plaintiff's comparator evidence fails to raise an inference of pretext.

Second, Plaintiff failed to offer specific and substantial evidence that the OPR Assistant Director's lack-of-candor finding was "unworthy of credence because it [was] internally inconsistent or otherwise not believable," *see Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017) (quoting *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 849 (9th Cir. 2004)), or because the Assistant Director did not honestly believe her finding was justified, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Although Plaintiff disputes the Assistant Director's interpretation of Plaintiff's various statements under oath, those disputes are not relevant to whether the Assistant Director honestly believed Plaintiff had knowingly made false statements or omitted material information under oath. *See Villiarimo*, 281 F.3d at 1063 (in judging the credence of an employer's proffered justifications, "courts 'only require that an employer honestly believed its reasons for its actions, even if its reason is "foolish or trivial or even baseless."'" (quoting *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001))).

Likewise, OPR's repeated remands of the internal investigation for further

7

factfinding—despite investigators' comments that the allegations could not be substantiated—would not support a finding of pretext. The only evidence presented was that (1) OPR can and does return matters for further investigation whenever it deems initial factfinding insufficient, and (2) it is not within investigators' purview to decide whether a given allegation is substantiated, as sole adjudicatory authority lies with OPR. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts . . . .").

Finally, the series of adverse actions Plaintiff describes experiencing in the Los Angeles Field Office over 2009 to 2014—which could properly be considered as background evidence for her two timely exhausted adverse actions, *see Morgan*, 536 U.S. at 113—also do not support an inference that the Assistant Director's termination decision was pretextual. Each of the earlier adverse actions were taken by individuals other than the investigators and adjudicators involved in the internal investigation, and Plaintiff does not assert that they communicated with or otherwise influenced OPR officials.

**3.** The district court also properly granted summary judgment for the government on Plaintiff's Title VII retaliation claims. Like the district court, we conclude that Plaintiff failed to establish a prima facie case of retaliation because

she did not provide any evidence whatsoever that the two relevant decisionmakers had knowledge of her earlier EEO complaint (her only asserted protected activity) at the relevant time. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003), *as amended* (May 8, 2003) (for Title VII retaliation, plaintiff must show that "(1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link" between the two, which at a minimum requires some showing that "the defendant was aware that the plaintiff had engaged in protected activity").

Plaintiff's attempt at a "cat's paw" theory of imputed animus fails to make up for this deficiency. In arguing that "[a]ny information known to the [FBI] is imputed to its managing agents," Plaintiff gets the theory backwards. Under a cat's paw theory, an *individual employee's* knowledge or animus can be imputed to the decisionmaker/employer where the employee has influenced the decision. *See Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001) ("Even if a manager was not the ultimate decisionmaker, *that manager's* retaliatory motive may be imputed *to the company* if the manager was involved in the [adverse employment] decision." (emphases added)). To succeed on this theory, "a plaintiff must establish that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action." *Acosta v.*

9

*Brain*, 910 F.3d 502, 514–15 (9th Cir. 2018) (quoting *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015)).  Plaintiff has not identified anyone at the FBI with a retaliatory motive who influenced or was otherwise involved in the decision to terminate her or the inaction on her outside-employment request.

**4.**  Finally, the district court properly granted summary judgment for the government on Plaintiff's Rehabilitation Act claim.  Here, too, Plaintiff failed to carry her burden to establish a prima facie case because she offered no evidence that the Assistant Director—who undisputedly had never interacted with her before her termination was proposed—knew of her disability before deciding to terminate her.  Without such evidence, no trier of fact could find Plaintiff's disability to be the sole reason for her termination.  *See* 29 U.S.C. § 794; *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1174 (9th Cir. 1998) (for prima facie case of Rehabilitation Act employment discrimination, plaintiff must establish, inter alia, that she was "subjected to discrimination solely by reason of [her] disability"); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003) ("If [the hiring manager] were truly unaware that [the plaintiff applicant's] disability existed, it would be impossible for her hiring decision to have been based, even in part, on [the plaintiff]'s disability.").

The judgment of the district court is **AFFIRMED.**

10