**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH CHIDI ANORUO,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>ERIC K. SHINSEKI, Secretary of Veteran Affairs,<br><br>   Defendant - Appellee. | No. 12-17130<br><br>D.C. No. 2:11-cv-02070-MMD-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

   Joseph Chidi Anoruo appeals pro se from the district court's judgment

dismissing his employment action against the Department of Veterans Affairs

alleging national origin discrimination in violation of Title VII.  We have

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination that a plaintiff failed to exhaust his administrative remedies, and for an abuse of discretion its decision whether to apply equitable tolling or estoppel. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). We affirm.

The district court properly dismissed Anoruo's Title VII action because Anoruo failed to allege facts showing that he complied with the administrative exhaustion requirement of timely contacting an Equal Employment Opportunity ("EEO") counselor. *See Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (federal employee must initiate contact with an EEO counselor within forty-five days of the alleged discriminatory act, and failure to do so is "'fatal to a federal employee's discrimination claim' in federal court" absent waiver, estoppel, or equitable tolling (citation omitted)); *see also Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (federal employment discrimination claim "accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong"). Moreover, the district court did not abuse its discretion by determining that Anoruo was not entitled to equitable relief. *See Lukovsky*, 535 F.3d at 1051 (discussing equitable tolling and estoppel).

The district court did not abuse its discretion by denying Anoruo's motion

for leave to file a second amended complaint because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *see also Munoz v. Mabus*, 630 F.3d 856, 863-64 (9th Cir. 2010) (under the Tucker Act, the Court of Federal Claims has jurisdiction over contract claims against the United States for more than $10,000).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Anoruo's motion to consolidate, filed on December 10, 2012, is denied.

**AFFIRMED.**