**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD L. WILBORN, | No. 13-55674 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02252-IEG-RBB |
| v. | |
| JEH JOHNSON,* in his official capacity as Secretary, Department of Homeland Security (Customs and Border Protection), Agency, | MEMORANDUM** |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted January 21, 2015***

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Harold L. Wilborn appeals pro se from the district court's judgment in his

---

\*        Jeh Johnson has been substituted for his predecessor, Janet A. Napolitano, as Secretary of Homeland Security under Fed. R. App. P. 43(c)(2).

\*\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), Title VII, and the First and Fifth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (subject matter jurisdiction). We affirm.

The district court properly dismissed Wilborn's USERRA claim concerning the U.S. Border Patrol's alleged failure to promote him and his 5-day suspension because it lacked jurisdiction. *See* 38 U.S.C. § 4324 (USERRA claims against the federal government must be presented to Merit Systems Protection Board ("MSPB"), with right to appeal to Federal Circuit); *see also* 5 U.S.C. § 7703(b) (with limited exception, MSPB decisions are appealable only to the Federal Circuit). Contrary to Wilborn's contention, the district court did not have jurisdiction on the basis that he brought a mixed case.

The district court properly dismissed Wilborn's Title VII claim because Wilborn failed to comply with the administrative exhaustion requirement. *See Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (explaining Title VII exhaustion requirements for federal employees).

The district court properly dismissed Wilborn's First and Fifth Amendment claims because the Civil Service Reform Act precludes him from "seeking injunctive relief for his asserted constitutional injury just as it precludes him from bringing a *Bivens* action for damages." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The district court did not abuse its discretion in refusing to transfer Wilborn's action to the Federal Circuit because Wilborn did not file his complaint within 60 days of the MSPB's decision. *See* 5 U.S.C. § 7703(b)(1)(A) (a petition to review an MSPB decision must be filed within 60 days of that decision); *Hays v. Postmaster Gen. of U.S.*, 868 F.2d 328, 331 (9th Cir. 1989) (per curiam) (standard of review).

We reject Wilborn's contentions concerning standing and the alleged violation of his right to a jury trial.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**