NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA LEE WILLIAMS, | No. 16-35208 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01710-HZ |
| v. | |
| SECRETARY OF VETERANS AFFAIRS, Robert A. McDonald, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 8, 2017[**]

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Brenda Lee Williams appeals pro se from the district court's summary judgment in her employment action alleging racial discrimination in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ambat v. City & County of San Francisco*, 757 F.3d 1017, 1023 (9th Cir. 2014),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether she exhausted her administrative remedies by timely contacting an Equal Employment Opportunity ("EEO") counselor, or contacting an agency official logically connected with the EEO process and exhibiting an intent to begin the EEO process. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (exhaustion requires that "a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct"); *see also Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009) (counselor contact requirement can be satisfied by "initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process" (citations, internal quotation marks, and emphasis omitted)).

The district court did not abuse its discretion in determining that equitable estoppel did not apply to Williams' action. *See Leong v. Potter*, 347 F.3d 1117, 1122-23 (9th Cir. 2003) (setting forth standard of review and requirements for equitable estoppel).

The district court did not abuse its discretion in denying Williams' motion for appointment of counsel because Williams failed to demonstrate exceptional

circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

Because we affirm the dismissal on the basis of failure to exhaust, we do not consider Williams' arguments regarding the merits of her claim.

**AFFIRMED.**