**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VELENA TSOSIE,

        Plaintiff - Appellant,

  v.

N.T.U.A. WIRELESS LLC, a Delaware
Limited Liability Company; WALTER
HAASE, husband; Unknown HAASE,
named as Jane Doe Haase, wife,

        Defendants - Appellees.

No. 23-2822

D.C. No.
2:23-cv-00105-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, Senior District Judge, Presiding

Argued and Submitted October 23, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

    Plaintiff Velena Tsosie appeals the district court's dismissal of her Title VII

claims under Rule 12(b)(6) for failure to exhaust her administrative remedies. We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's dismissal de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We accept all factual allegations of the operative complaint as true and construe them in the light most favorable to Tsosie. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.    Generally, Title VII "claimants may sue only those named in the EEOC charge," *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990), but there are exceptions, *id.* at 1459 (discussing five exceptions). Tsosie does not dispute that she named "Commnet Wireless, LLC d/b/a Choice NTUA Wireless" in her EEOC charge rather than her actual employer, NTUA Wireless, LLC. But she argues that the district court erred in concluding as a matter of law that she could not satisfy exhaustion by demonstrating at least one exception to the naming requirement.

Tsosie first challenges the district court's conclusion that her EEOC charge should not be construed liberally because she was represented by counsel when she filed her charge. The district court indicated that the exceptions to the naming requirement apply only when it is appropriate to liberally construe the EEOC charge, as when a plaintiff acts pro se. *Sosa*, however, does not explicitly limit the applicability of the naming-requirement exceptions to charges filed by unrepresented plaintiffs. *See* 92 F.2d at 1459 ("Courts are *particularly likely* to invoke one of these exceptions when the initial EEOC charge was filed without the assistance of counsel . . . .") (quoting 2 Larson, Employment Discrimination

§ 49.11(c)(2)(1990)) (emphasis added). As such, regardless of whether she was represented, Tsosie is entitled to satisfy exhaustion by demonstrating an exception to the naming requirement.

2.     Tsosie next argues that the district court erroneously concluded that the face of her amended complaint makes clear she cannot satisfy an exception to the naming requirement.[1] Failure to exhaust is an affirmative defense as to which the defendant bears the burden of proof. *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009). Thus, Tsosie was not required to affirmatively plead exhaustion, including those facts necessary to establish an exception to the naming requirement. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Considering Tsosie's complaint, right-to-sue letter, and EEOC charge as a whole,[2] we conclude that there is insufficient information to find as a matter of law

---

[1] Tsosie relies on the exceptions developed by the Seventh Circuit to demonstrate that failure to exhaust is not clear based on her complaint alone. *See Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). We see no reason to look outside our own precedent, however, so we consider only the exceptions that we have developed in addressing Tsosie's exhaustion argument. *See Sosa*, 920 F.2d at 1459.

[2] The district court did not err in considering the EEOC charge and right-to-sue letter because Tsosie's complaint explicitly references and necessarily relies on them, and Tsosie did not contest their authenticity when NTUA Wireless attached them to its motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

that Tsosie cannot satisfy at least one exception that she advances.[3] For example, to prove that Tsosie cannot show that the unnamed party had notice of and participated in the EEOC conciliation efforts, NTUA Wireless points only to the incorrect addresses listed on Tsosie's EEOC charge. This is insufficient to establish as a matter of law that NTUA Wireless did not know about or participate in conciliation efforts given Tsosie's allegations regarding the relation between the various entities involved, that the subject of Tsosie's complaint was a member of NTUA Wireless's Board of Directors, and that Tsosie had reported the alleged sexual harassment to that entity.

Because Tsosie's complaint does not fall within the "rare" category of cases where failure to exhaust administrative remedies is clear on the face of the complaint, we conclude that the district court prematurely dismissed Tsosie's complaint on a Rule 12(b)(6) motion. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).

**REVERSED** and **REMANDED.**

---

[3]Tsosie only argues that NTUA Wireless is substantially identical to the entity named in the EEOC charge and that NTUA Wireless had notice of and participated in EEOC conciliation efforts. She conceded at oral argument that the remaining *Sosa* exceptions do not apply.